Frederick G. ROBSON, Respondent,

v.

John Dale WILLERS, and Joyce Willers, Appellants.

No. WD 42120.

Missouri Court of Appeals, Western District.

Feb. 27, 1990.

James R. Spradling, Carthage, for appellants.

Nicholas L. Swischer, Nevada, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

CLARK, Judge.

Frederick G. Robson, respondent, obtained a judgment against appellants by default on May 27, 1988 in the amount of $6300.00 principal and $428.05 interest. After execution had issued on the judgment, appellants moved on October 3, 1988 to set the judgment aside. The court overruled the motion. Appellants contend it was error to deny the motion because their proof showed a meritorious defense and good cause for their failure to answer the summons. They also contend that even if the judgment on liability stands, they should have been granted notice and a hearing on damages. The points lack any merit and we therefore affirm.

Before reviewing the facts of the case, it is appropriate to consider the general principles which govern cases in which the proceeding under review was one seeking to set aside a default judgment.

Setting aside a default judgment is a matter left to the discretion of the trial court and its ruling is to be interfered with by the appellate court only for abuse of discretion. The discretion not to set aside is a good deal narrower than the discretion to set aside. *First Missouri Bank v. Patterson*, 696 S.W.2d 800, 801 (Mo.App.1985). A defendant seeking to set aside a default judgment must show that he or she had a meritorious defense to the action. A default judgment will not be set aside on appeal unless the requisite showing is so clearly apparent that the refusal to set aside is arbitrary. *Hellwege v. Lamb*, 739

S.W.2d 594, 596 (Mo.App.1987). A defendant seeking to set aside a default judgment, although not required to present extensive evidence or a full-blown defense, is required to make some showing to the court of at least an arguable theory of defense. *Luce v. Anglin*, 535 S.W.2d 504, 508 (Mo.App.1976).

In the present case, it was respondent's testimony, offered originally in support of his petition and later in opposition to the motion seeking to set aside the judgment, that in October or November, 1981, the appellants first approached him asking for a loan. According to respondent, the appellants had made a successful bid to purchase a house at an auction but they lacked the funds needed to satisfy the bid requirement of a down payment. After some urging, respondent agreed to obtain the money by borrowing on two insurance policies he carried provided appellants would pay the same interest expense respondent incurred and provided also that appellants would later repay the loan. Respondent brought this suit when appellants refused to make repayment.

█ Appellants first contend the trial court erred in failing to set aside the default judgment because their proof demonstrated a meritorious defense. That defense was based on a claim that the money respondent paid over to appellants was not a loan but a gift. We examine the viability of the defense in light of certain undisputed facts, confirmed in the main by documentary proof.

In November, 1981, respondent obtained loans on two of his insurance policies, the total amount borrowed being $8513.39. On December 8, 1981, respondent made out a check to appellant Dale Willers for $8509.00 which Willers deposited in his bank account. The check bore the notation "Loan" at the time it was delivered to Willers. On December 8, 1981, appellants obtained the deed to a residence they had bought at an auction sale. From that date on, appellants have occupied that residence as their home.

The loan respondent obtained on his insurance policies bore interest at 5% and was payable annually. The first interest payment due in 1982 amounted to $237.80. In mid-June, 1982, appellant Dale Willers gave respondent a check for $237.80 marked, "Interest only." The 1983 interest on the policy loans amounted to $425.47. Respondent received from appellants that year a check for $425.47 signed by appellant Joyce Willers marked "Interest only." In the following year, 1984, respondent received a similar check drawn by appellant Joyce Willers in a like amount. After 1984, no interest was owed by respondent on the policy loans because the policies had matured when respondent attained age 65.

Commencing in July, 1985, appellants made monthly payments to respondent in declining amounts, the initial payment being for $133.33 and the last payment being $126.25 in January, 1987. The only month during the period when no payment was made was August, 1986. After January, 1987, payments ceased. Suit was filed by respondent for the alleged balance of the debt and appellants were served with process on April 28, 1988.

The theory of the defense offered in support of appellants' motion lacks any indicia of credibility. It was acknowledged that John Willers accepted a check from respondent which indicated on the face of the check that it was a loan, that the money was deposited by Willers in his bank account, that sums exactly equal to the amount of interest were repaid to respondent, in some instances by checks signed by Joyce Willers on appellants' joint bank account, and that regular monthly repayments were made by appellants to respondent for a period of eighteen months. The assertions by John Willers that the payment was a gift and by Joyce Willers that she had nothing to do with the transactions or the funds are unsupported by any evidence and are facially unbelievable. The proffered defense lacked any merit.

Even were it to be accepted that the claim by appellants disputing the status of the payment as a loan was arguable because dependent on credibility, appellants failed to meet the requirement of Rule 74.05(c) that they also show good cause for

failure to answer the summons served on them in the case.

■■ The discretionary authority vested in the trial court to set aside a default judgment depends on a showing by the movant of a meritorious defense and reasonable diligence or excuse for the default as well as no substantial injury to the plaintiff from the delay. However, these conditions are in the conjunctive and even though the movant may show the existence of a meritorious defense, if good and reasonable cause for the default is not also established, the trial court does not abuse its discretion by failing to set aside the judgment. *Kitchens v. Missouri Pacific Railroad*, 737 S.W.2d 219, 223–24 (Mo.App. 1987). A movant must be free from negligence in order to have a reasonable excuse for allowing a default judgment to occur. *Rice v. Rice*, 757 S.W.2d 644, 645 (Mo.App. 1988).

■ In the present case, appellant John Willers asserted as his excuse for failure to answer and appear that he paid no attention to the summons because he was busy, had family troubles and didn't understand the meaning of a default judgment. Appellant Joyce Willers said she ignored the summons directed toward her because she had not had anything to do with the funds in question and didn't understand the summons. Neither appellant presented any claim of defects in service of the suit papers nor did they profess a lack of knowledge as to the nature of respondent's claim against them. Appellants simply decided to ignore the suit.

In *Harriman v. Household Finance Corp.*, 608 S.W.2d 117 (Mo.App.1980), the suit papers were delivered to movant's wife who was ignorant of legal matters and after laying the papers aside, they were lost. Movant did become aware, before judgment was entered, that he had been sued, and that an action was pending against him, but he took no steps to obtain counsel, to ascertain the nature of the case or determine what should be done. The court held those facts showed negligence and lack of good cause for permitting the default judgment to be entered.

The inescapable conclusion is that the facts of this case parallel those in *Harriman* and show that the default judgment was the product of appellants' own negligence and careless attitude toward the petition and summons. In that circumstance, the trial court was obligated to deny their motion. The first point on appeal is denied.

In a second point, appellants say the trial court erred when it did not permit them an opportunity to present the issue of damages to a jury. The argument is based on Rule 74.05 which, appellants contend, requires a two step process in the entry of a default judgment. First, the consequence of a failure to plead or appear is the entry of an interlocutory order of default. Thereafter, the assessment of damages follows and any party may then demand a jury. Appellants' contention is that the process in this case was flawed because they were not notified and given the opportunity to appear and request a jury when damages were awarded.

■ This contention was answered in *Barney v. Suggs*, 688 S.W.2d 356, 359 (Mo. banc 1985). The court there held that no time interval is required in a default judgment case between entry of the interlocutory judgment on liability and the assessment of damages. It therefore follows that in such cases, the issues of liability and damages may be concluded in a single hearing. *Barney* also holds that because a defaulting party is charged with notice of all subsequent proceedings in the case, once he is validly served with the suit papers, there is no requirement for a separate notice of a hearing to assess damages. *Id.* at 359–60. Appellants' second point has no merit.

The judgment is affirmed.

All concur.