Betty HARRIS, Plaintiff–Respondent,

v.

MITCHELL TRANSPORT, INC.,
Defendant–Appellant.

No. 58939.

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 19, 1991.

Bryan Martin Groh, Baldwin, Rutledge & Hess, David T. Butsch, Aubuchon, Aubuchon & Raniere, St. Louis, for defendant-appellant.

Charles E. Kirksey, Jr., St. Louis, for plaintiff-respondent.

CRANDALL, Chief Judge.

Defendant, Mitchell Transport, Inc., appeals from the trial court's denial of its motion to set aside a default judgment entered in favor of plaintiff, Betty Harris. We affirm.

On January 5, 1990, plaintiff brought an action in negligence against defendant for bodily injuries allegedly arising out of a collision between plaintiff's automobile and one of defendant's trucks. Defendant was served by process on January 18, 1990. Defendant did not file an answer. On April 5, 1990, the trial court entered a default judgment against defendant in the amount of $15,000. On April 27, 1990, defendant filed a motion to set aside the default, alleging that it had a meritorious defense and had shown good cause. On June 6, 1990, the court entered an order setting aside the default judgment "conditioned upon" defendant's paying the reasonable attorney's fees and expenses which plaintiff incurred in securing the default judgment. Defendant filed objections to the amount of the attorney's fees and expenses and did not pay them. Defendant also filed its answer. In July 1990, on plaintiff's motion, the trial court denied defendant's motion to set aside the default judgment.

Initially, we note that in its claims of error on appeal, defendant states that it is appealing from the trial court's reinstatement of the default judgment. We disagree with defendant's characterization of the court's order. The June 6 order setting aside the default was conditioned upon defendant's paying reasonable attorney's fees and expenses to plaintiff. Until the condition of payment was satisfied, the trial court's order was interlocutory in nature

and was subject to modification. As such, the June 6 order did not set aside the default judgment; and defendant was technically still in default at the time it filed its answer. *Compare State ex rel. Eichorn v. Luten*, 561 S.W.2d 435 (Mo.App.1978) (deciding that because defendants answered after default judgment was set aside, they were no longer technically in default and the trial court could not reinstate the default judgment). Defendant is therefore appealing, not from the trial court's reinstatement of the default, but from the trial court's denial of its motion to set aside the default judgment.

Defendant contends that the trial court erred in failing to set aside the default judgment because its motion demonstrated good cause and a meritorious defense to plaintiff's claim.

■ The setting aside of a default judgment is a matter left to the discretion of the trial court. *Robson v. Willers*, 784 S.W.2d 893, 894 (Mo.App.1990). An appellate court will interfere with the trial court's ruling only for abuse of that discretion. However, the discretion not to set aside is a good deal narrower than the discretion to set aside. *Id.*

Rule 74.05(c) sets forth the following procedure for setting aside a default judgment:

> *Upon motion stating facts constituting a meritorious defense and for good cause shown*, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable period of time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default. (emphasis added.)

Because the rule requires sufficient facts to constitute both a meritorious defense *and* good cause shown, a failure to establish one of these elements negates the necessity of considering the other.

We first focus on whether defendant demonstrated that there was a meritorious defense to plaintiff's action. There is "no universally accepted standard among courts as to what satisfies the requirement that a party seeking to set aside a default judgment show a meritorious defense." *McClelland v. Progressive Cas. Ins. Co.*, 790 S.W.2d 490, 494 (Mo.App.1990). In cases in which the meritorious defense is factual, however, "the court should insist on a specific recitation of particular facts which, if proven, would constitute a meritorious defense." *Id.*

■ In the instant action, defendant filed an affidavit in support of its motion. Defendant stated as its defense that "it is uncertain whether a vehicle owned and operated by [it] was actually involved in an accident with plaintiff's vehicle." Defendant does not recite any facts or provide any reasons why it was "uncertain" that its vehicle was not involved in the accident. Defendant's bare statement that it didn't know whether the accident actually occurred is merely speculation. Defendant's motion fails to state "facts constituting a meritorious defense." *See* Rule 74.05(c).

Because we find that defendant did not set forth sufficient facts to constitute a meritorious defense, we need not determine whether it showed good cause. *See Hughes v. Britt*, No. 58750, slip op. at 3–4 (Mo.App. Feb. 26, 1991). The trial court did not abuse its discretion in refusing to set aside the default judgment. Defendant's points on appeal are denied.

The judgment is affirmed.

PUDLOWSKI, and KAROHL, JJ., concur.