Florence HUGHES,
Plaintiff/Respondent,

v.

Michael L. BRITT and Peggy L. Britt,
Defendants/Appellants.

No. 58750.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 12, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 19, 1991.

Scott C. Harper, Dean Gallego, Clayton, for defendants/appellants.

Lee A. Bonine, Frederick M. Stieger, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

Defendants Michael and Peggy Britt appeal from the trial court's order which denied their Rule 74.05 motion to set aside default judgment. We find defendants' motion failed to set forth sufficient facts to establish a meritorious defense. Therefore, the trial court did not abuse its discretion in denying their motion. We affirm.[1]

## I. Background

Defendants are the owners of a building at 759 Lemay Ferry Road. Part of that building is occupied by an insurance company which employed plaintiff.

Plaintiff alleged that on October 12, 1987, "as [she] was leaving the premises, she descended a flight of wooden steps which served as an exit from Defendants' building. As she descended the steps, the heel of her left shoe caught in a hole on the steps causing her to fall forward down the flight of steps onto a concrete walkway."

As a result of the fall, plaintiff alleged she fractured her left knee cap and suffered other injuries. She underwent surgery and physical therapy to repair damage to her knee.

Plaintiff asserted a claim with defendants' insurer, State Farm Fire and Casualty Company. Settlement negotiations were unsuccessful.

On July 20, 1989, plaintiff's attorney wrote to State Farm offering "to settle all claims outstanding in this matter for the sum of $20,000.00." On August 1, 1989, State Farm responded, expressing regret "that [they] were unable to reach an amicable settlement. . . ." Further, State Farm said, "As it is your stated intention to file suit on behalf of your client, I have advised our insured to immediately forward any Summons to my attention for prompt handling of this matter."

On August 22, 1989, plaintiff filed her "Petition for Personal Injuries." This petition named only Michael[2] as defendant. The legal file furnished us does not contain the summons or return of summons. However, the "Minutes of Proceedings" (docket sheet) indicates:

8–24–89 SUMMONS ISSUED AND DELIVERED TO COUNTY SHERIFF

9–12–89 Summons returned by Co Sheriff executed on 9–6–89

Michael claims he never received the summons and petition.

On November 9, an interlocutory "Default and Inquiry" was granted. However, on November 28, plaintiff filed her "First Amended Petition," adding Peggy as a defendant.

On January 4, 1990, a copy of the amended petition and a summons directed to Peggy was served on her by leaving them with a member of her family. Peggy claims she was never served with any summons; however, Michael says he was aware of the summons directed to his wife. Michael asserts he "was totally unaware that [he] had any responsibility to respond to this Summons directed to [his] wife."

On February 7, a second interlocutory "Default & Inquiry" was granted. Following a hearing on March 19, a default judgment for $35,000.00 plus $900.00 interest was granted.

1. This court issued this opinion on February 26, 1991. On July 10, 1991, our supreme court ordered this cause transferred to it. On October 16, 1991, our supreme court retransferred this cause to this court. With only the addition of this footnote, the original opinion is reissued.

2. We refer to individuals by their first name for ease of reading and not out of disrespect.

On May 10, an execution and garnishment was issued. Plaintiff's attorney notified State Farm of the default judgment on May 31. On June 8, defendants filed their motion to set aside default judgment and motion to set aside judgment for irregularities. Affidavits in support of the motions were also filed. After a hearing, the motions were denied.

## II. Meritorious Defense

In their only point on appeal, defendants' contend "[t]he trial court abused its discretion by failing to set aside the default judgment ... because [defendants'] motion to set aside default judgment stated facts constituting a meritorious defense and [defendants] showed good cause" for their failure to respond to the summons. Because we find defendants did not set forth sufficient facts to constitute a meritorious defense, we need not decide whether they showed good cause.

■ Setting aside a default judgment is a matter left to the discretion of the trial court. *Robson v. Willers*, 784 S.W.2d 893, 894 (Mo.App.W.D.1990). An appellate court will interfere with the trial court's ruling only for abuse of discretion. However, the discretion not to set aside is a good deal narrower than the discretion to set aside. *Id.*

Rule 74.05(c) sets out the following procedure to set aside a default judgment:

*Upon motion stating facts constituting a meritorious defense* and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable period of time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default. (emphasis added).

■ There is "no universally accepted standard among courts as to what satisfies the requirement that a party seeking to set aside a default judgment show a meritorious defense." *McClelland v. Progressive Cas. Ins. Co.*, 790 S.W.2d 490, 494 (Mo.App. S.D.1990). However, in cases in which the meritorious defense is factual, "the court should insist on a specific recitation of particular facts which, if proven, would constitute a meritorious defense." *Id.*

■ In addition to their motions, defendants filed six affidavits and a supporting memorandum. None of these documents set forth "a specific recitation of particular facts which, if proven, would constitute a meritorious defense." *McClelland* at 494.

Defendants attempt to establish several defenses. First, they allege they "had no knowledge of any alleged defect." However, none of defendants' affidavits state that defendants, or anyone on their behalf, examined the steps after October 12, 1987, the date plaintiff claims she fell. Nor do any of the affidavits say there was no hole in the steps.

Defendants' second defense is that they "question whether the fall occurred on their property." They do not state any facts, or give any reason, why they have this question. They do not state any facts which indicate plaintiff fell elsewhere.

Third, defendants state they "question the nature and extent of plaintiff's alleged injuries." Although plaintiff's attorney furnished State Farm with "documentation of [plaintiff's] medical care treatment and receipts" on November 14, 1988, defendants present no facts showing plaintiff was not injured or her injuries were less than she claimed. Nor did they state why they were unable to discover such facts in the time between November 14, 1988, and June 8, 1990, the date they filed their affidavits.

Finally, defendants state they believe "plaintiff would have known of any such [dangerous] condition" and "plaintiff's damages, if any, were caused by plaintiff's

own negligence and comparative fault." Defendants, however, do not state any facts to show why plaintiff would have known of the condition. Neither do they set forth any facts showing how plaintiff contributed to her injuries.

Defendants' motions and affidavits contain numerous conclusions. They do not, however, state "facts constituting a meritorious defense." Rule 74.05(c). The trial court did not abuse its discretion in refusing to set aside the default judgment. Point denied.

The judgment is affirmed.

PUDLOWSKI, P.J., concurs.

KAROHL, J., concurs in result.