**BOATMEN'S FIRST NATIONAL BANK, RAYTOWN BANKING CENTER, Respondent,**

v.

**Steve L. KRIDER and Nancy L. Adams f/k/a Nancy L. Krider, Appellants.**

**No. WD 44989.**

Missouri Court of Appeals,
Western District.

June 30, 1992.

Cynthia F. Grimes, Kansas City, for appellants.

Stephen P. Wilson, Kansas City, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

HANNA, Presiding Judge.

This case comes to us for the second time on appeal. The issue in both instances concerned the trial court's entering of a default judgment in favor of respondent, Boatmen's First National Bank ("bank"), and its refusal to set aside that judgment.

On or about August 13, 1984, appellant Nancy L. Krider (now "Adams"), executed a personal guaranty of the debts of her then husband and co-defendant, Steve Krider. In 1984, Mr. Krider was self-employed in the construction and building business. Sometime after the guaranty had been executed, Mr. Krider secured a $5,000.00 loan.

Mrs. Adams was divorced from Mr. Krider pursuant to a decree of dissolution entered July 19, 1988. The divorce decree contained a judgment for Mrs. Adams and against Mr. Krider for non-modifiable maintenance in gross in the sum of $48,936.59, which Mr. Krider could satisfy by paying certain debts and obligations, including the obligation to the bank.

On March 3, 1989, the bank made demand on Mrs. Adams and on Mr. Krider for the outstanding principle of $7,291.21. In response, Mrs. Adams contacted the bank's attorney by telephone and advised she had not signed any guaranty. The bank's attorney mailed a copy of the guaranty to Mrs. Adams and asked her to contact him by telephone if she believed the signature on the guaranty was not hers. Mrs. Adams did not respond to deny her signature. The bank's attorney again contacted Mrs. Adams by letter on March 23, 1989 and asked her to contact him with regard to the guaranty. Mrs. Adams made no response.

Finally, on May 5, 1989, the bank filed its Petition on Note and Guaranty against Mrs. Adams and Mr. Krider. On June 27, 1989, Mrs. Adams was served the summons and petition requesting the principal, interest and attorney's fees. She testified that she looked through the entire summons and petition and specifically read to Mr. Krider, in a telephone conversation, the portion of the summons which states, "[y]ou are further advised that if you fail to answer and defend at the time and place stated in this Summons, Judgment by Default will be taken against you for the relief demanded in the Petition."

Neither Mrs. Adams nor Mr. Krider appeared at the hearing on July 26, 1989, and judgment by default was entered against both defendants. A garnishment attempt alerted Mrs. Adams to the judgment against her. Within a year of the judgment, on April 3, 1990, Mrs. Adams filed a Motion to Set Aside Default Judgment which was overruled, and her subsequent Motion for Reconsideration was also overruled. On January 15, 1991, in response to Mrs. Adams appeal of the trial court's rulings, this court reversed and remanded the matter for an evidentiary hearing. *See Boatmen's First Nat'l Bank. v. Krider*, 802 S.W.2d 531, 532 (Mo.App.1991).

Evidence presented at the evidentiary hearing consisted solely of Mrs. Adams' testimony and the exhibits offered into evidence by both parties. Following the hearing, the trial court entered an order denying Mrs. Adams' Motion to Set Aside Default Judgment. This appeal followed.

■ Our standard of review is pursuant to *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's decision is to be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. The applicability of *Murphy* to an appeal of a trial court's decision to not set aside a default judgment was confirmed by our Supreme Court in *Sprung v. Negwer Mate-*

*rials, Inc.,* 775 S.W.2d 97, 98–99 (Mo. banc 1989).

■ Motions to set aside default judgments are governed by Rule 74.05. The discretion of a trial court to deny a motion to set aside a default judgment is subject to closer scrutiny on appeal than is the discretion of a trial court to grant a motion to set aside. *See Gibson v. Elley,* 778 S.W.2d 851, 853–54 (Mo.App.1989). Therefore, an appellate court is much more likely to interfere with the trial court's decision when the motion to set aside the judgment has been denied. *Id.* at 854.

■ Rule 74.05, as amended, became effective January 1, 1988 and provides that a default judgment will be set aside for "good cause shown." "Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05. The new rule liberalizes the requirements to set aside a default judgment. *Sprung,* 775 S.W.2d at 103. However, the generalization that the law favors a trial on the merits must be carefully applied to the facts of each case because "the law defends with equal vigor the integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof." *Id.* at 100.

■ At the evidentiary hearing, Mrs. Adams testified that her ex-husband, her ex-husband's divorce attorney, and a friend who was a magistrate judge, told her the matter would be taken care of and she need not appear. She further testified she was aware that Mr. Krider's indebtedness to the bank had not been repaid at the time of her divorce or afterwards, despite his assurances that he would take care of the indebtedness. She testified that in the telephone conversation with Mr. Krider, following service of the summons and petition on her, she told Mr. Krider the matter had obviously not been taken care of, since she had received a summons for a court appearance. Mrs. Adams acknowledged the bank attempted to communicate with her after it made demand on her and prior to filing the suit. She admitted she did not respond to the bank's attempts to communicate with her. In sum, there was no mistaken belief on her part whether the summons required her appearance on July 26, 1989. She simply decided to ignore the summons, a decision of neglect and inattention.

This court, in a case decided subsequent to the adoption of new Rule 74.05, held that where a default results from the defendant's negligence and careless attitude toward the petition and summons, the trial court is obligated to deny a motion to set aside the default. *Robson v. Willers,* 784 S.W.2d 893, 896 (Mo.App.1990). We stated, "[a] movant must be free from negligence in order to have a reasonable excuse for allowing a default judgment to occur." *Id.* In *Robson,* one appellant sought to excuse his failure to answer and appear by asserting that he was busy, had family troubles, and did not understand the meaning of a default judgment. The other appellant stated she ignored the summons because she had nothing to do with the funds in question and didn't understand the summons. Those actions were characterized as a decision to ignore the suit and the trial court's refusal to set aside the default judgment was affirmed. *Id.*

Mrs. Adams' conduct, in the present action, is similar to that of the appellants in *Robson.* There is substantial evidence that she knew the matter had not been taken care of, and was reckless in relying on assurances from persons other than the party who had brought the suit against her. The default was a direct result of negligence and her careless attitude toward the petition and summons. Mrs. Adams' reasons for not appearing do not constitute good cause. She simply ignored the summons and refused to appear. Her conduct was intentionally, or at least recklessly, designed to impede the judicial process. We find no abuse of discretion in the court's refusal to set aside the default judgment.

Judgment affirmed.

All concur.