**GREAT AMERICAN ACCEPTANCE CORP., Respondent,**

v.

**Raymond ZWEGO, Appellant.**

**No. WD 49809.**

Missouri Court of Appeals,
Western District.

July 18, 1995.

Robert K. Ball, II, Kansas City, for respondent.

Willard B. Bunch, Kansas City, for appellant.

Before ULRICH, P.J., and
LOWENSTEIN and ELLIS, JJ.

LOWENSTEIN, Judge.

This is an appeal from: 1) a default judgement entered on liability for common law fraud and for Racketeer Influenced and Corrupt Organizations (RICO) claims, and 2) the subsequent trial on the issue of damages. Great American Acceptance Corp. (GAAC) sued Raymond Zwego (Zwego) on fraud and RICO claims arising out of a contractual relationship. Zwego raises six points on appeal: 1) There is no cause of action stated under RICO; 2) Error in awarding punitive and statutory treble damages; 3) Error in calculation of actual damages; 4) Error in calculation of punitive damages; 5) Error in the exclusion of relevant damage evidence; and 6) Error in upholding the default judgement.

The facts are as follows: Zwego entered into two contracts with GAAC. Contract # 2 specified an arrangement whereby Zwego would act as an agent for GAAC in locating car dealers, loaning them GAAC funds to purchase vehicles, and then retaining the titles as security for repayment of GAAC's money. Under this arrangement, Zwego was given pre-signed checks on GAAC's account to carry out the arrangement after approval by GAAC.

Contract # 1 concerned a dealer agreement between Zwego and GAAC. GAAC would loan Zwego money to purchase vehicles for his own car lot just like the arrangements with other dealers under contract # 2. Vehicle titles would be retained until the loan was paid. If the loan was not paid in a timely manner, GAAC was authorized to sell the car, sign Zwego's name to the documents, and apply the proceeds to the loan. Therefore, under these two agreements, Appellant Zwego was both an agent under contract # 2 and a dealer under contract # 1.

Under the second contract with GAAC (Zwego as Agent), Zwego signed up several dealers. During the course of Zwego's relationship with GAAC, he falsely represented that he was purchasing vehicles for various named dealers whose accounts were then being "charged" for the price of the loan. In

reality, Zwego was buying the cars for his own lot, Wichita (Kansas) Auto Plaza, on the accounts of other dealers. In addition, he bought several cars on his own account but concealed the titles from GAAC, putting the cars to his own use. Finally, he forged the endorsement of a dealer on a check issued by GAAC and retained the proceeds.

An eleven count petition was filed by GAAC in the United States District Court in Kansas against Zwego and Wichita Auto Plaza. Zwego was dismissed for lack of diversity jurisdiction as he was a Missouri resident, the same as GAAC. Counts I–X of the complaint (based on fraud) were then dismissed for failure to join an indispensable party, namely Zwego. Count XI, the RICO claim, was dismissed for failure to state a claim.

After the filing of the petition in the United States District Court, but before that petition was dismissed, an identical petition, the subject of this appeal, was filed in Jackson County Circuit Court on June 16, 1992. Zwego was not served with summons until August 14, 1992. Counsel representing Zwego at that time failed to file an answer and, ultimately, a default judgement was entered against Zwego on liability, and this trial was held on the issue of damages. This appeal followed, which includes the issue of the granting of a default judgement on liability.

Affirmed in part, reversed in part, and modified in part.

## I.

■ The first point the court addresses is the trial court's failure to set aside the default judgement entered on liability.

As previously stated in the facts, Zwego's prior attorney failed to file an answer. A motion for leave to file an answer out of time was filed and the matter was set for hearing, at which Zwego's counsel failed to appear. A default judgement was entered at that time against Zwego as to liability and damages. The motion to overrule the default judgement was granted as to the issue of damages, and denied as to liability.

■ Setting aside a default judgement is a matter left to the discretion of the trial court. An appellate court will interfere with the trial court's ruling only for abuse of that discretion. *Harris v. Mitchell Transport, Inc.*, 812 S.W.2d 183 (Mo.App.1991), *Hughes v. Britt*, 819 S.W.2d 381 (Mo.App.1991). However, the discretion not to set aside is a good deal narrower than the discretion to set aside. *Id.*

■ Rule 74.05(c) specifies the standard for setting aside a default judgement:

Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgement may be set aside ... Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process ...

There is no universally accepted standard among courts as to what satisfies the requirement that a party seeking to set aside a default judgement show good cause. *Harris* at 184. "Good reason or excuse exists when the default occurs by reason of accident, mistake, inadvertence, mischance or unavoidable circumstances unmixed with neglect or inattention." *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97 (Mo. banc 1989). Neglect of a party's attorney which results in a default judgement is imputable to the client. *Id.*

The motion for default judgement was filed on October 10, 1992. Zwego's motion to file an answer out of time, filed on October 16, stated only that he had a meritorious defense. There were no specific facts set forth as to what constituted the defense. After Zwego's attorney failed to appear on October 29, 1992 at a hearing on the motion for default judgement and the motion to file an answer out of time, the default judgement was entered on November 20, 1992. Zwego's motion to set aside the default judgement was filed on November 24, 1992.

There were several reasons cited within the motion to set aside the default judgement as to why Zwego's attorney did not file an

answer. There were no affidavits included. In mid September 1992, a member of the three person firm left, leaving behind his caseload. In October, another member resigned leaving Zwego's attorney with the entire caseload. Then, on October 23, 1992 Zwego's attorney suffered a personal tragedy when his infant son was still born. Three days later his son was buried. The hearing on the default judgement was set for October 29, 1992 at which Zwego's attorney failed to appear.[1]

While his failure to appear at the hearing on October 29th may have been influenced by personal tragedies in his life, the events giving rise to the *default itself* occurred way before this time. There are no facts given to explain why nothing was done by Zwego's attorney between service on August 14, 1992, and thirty days later when the answer was due. It does not appear that any reason exists why the answer was not filed when due. There was no abuse of discretion committed by the court in entering a default as to liability. The point is denied.

## II.

■ Zwego contends that the dismissal for failure to state a claim in the District Court of Kansas of a substantially identical petition, should have had res judicata effect at the trial court level on the RICO count (count XI) of the petition. He raises this point for the first time on appeal. He alternately contends the RICO count was inadequately pleaded.

■ The defense of res judicata is an affirmative one that must be pleaded. Rule

55.08, *Heins Implement Co. v. Missouri Highway & Transp. Comm'n.*, 859 S.W.2d 681 (Mo. banc 1993). Appellant is barred from raising this defense for the first time on appeal.[2]

■ Appellant also contends that Count XI of the petition failed to state a claim under RICO. Failure to state a claim upon which relief can be granted is a defense that can be raised at any time, including on appeal. Rule 55.27(g)(2). *Murray v. Ray*, 862 S.W.2d 931, 933 (Mo.App.1993), *Twin Bridges Constr. Co. v. Ferner*, 700 S.W.2d 534, 536 (Mo.App.1985). Therefore, even though the default judgement was entered, and is here affirmed, this does not preclude relief on appeal for failure to state a claim on the RICO count. On direct appeal from a default judgement, an appellate court can review the sufficiency of the pleadings. § 512.160.1 RSMo, 1994, *Financial Design Consultants, Inc. v. McCarver*, 712 S.W.2d 738, 740 (Mo.App.1986). A petition is sufficient against a motion to dismiss if its allegations invoke substantive law principles which entitle a plaintiff to relief, and if it alleges facts which inform the defendant of what the plaintiff will attempt to prove at trial. *Murray* at 933. In determining what cause of action plaintiff is pleading in his petition, court of appeals must read petition from its four corners and in its entirety. *Burns v. Black & Veatch Architects, Inc.*, 854 S.W.2d 450 (Mo.App 1993).

■ There are two main reasons Appellant considers the pleading insufficient. First, the Appellant contends it was not pled

---

1. A brief timeline may be helpful in understanding the sequence of events:
   06/06/92 – Petition filed
   08/14/92 – Zwego served with summons
   10/10/92 – Motion for default judgement
   10/16/92 – Motion to file answer out of time
   10/29/92 – Hearing scheduled on motion to file answer out of time and default judgement at which Zwego failed to appear
   11/20/92 – Default judgement entered as to damages and liability
   11/24/92 – Motion to set aside default judgement
   12/18/92 – Set aside of default judgement as to damages

2. It is worth noting that the timing of the federal court dismissal makes a standard res judicata problem somewhat more complicated. The federal petition was dismissed on January 28, 1993, two months after the default judgement in Jackson County was entered. However, defendant's failure to timely file an answer precluded him from amending his answer when the federal petition was dismissed. Whether or not res judicata could have been raised after the default judgement was entered, is immaterial as Appellant's contention that the RICO count failed to state a claim is dispositive of the issue.

specifically in Count XI (the RICO claim) that the enterprise was engaged in or affected interstate commerce. In fact, the petition does allege (although not specifically in Count XI) that a wire fraud occurred from Kansas to Missouri. In reading the petition by its "four corners" as required in *Burns,* this is sufficient.

■ Second, Appellant contends that the existence of an "enterprise" was not alleged. The Eighth Circuit follows the general rule that the "person" charged with the RICO violation may not be the same as the entity alleged to be the "enterprise." *Hanline v. Sinclair Global Brokerage Corp.,* 652 F.Supp. 1457 (W.D.Mo.1987), *Bennett v. Berg,* 685 F.2d 1053 (8th Cir.1982). "An enterprise may be said to exist where ... separateness from the acts of racketeering can be found. Discrete existence rather than the legality or illegality of the enterprise's activities or goals, is the test." *Bennett* at 1060. In other words, an enterprise must provide some legitimate services and have an existence apart from the acts of the racketeering. *Id.* The enterprise cannot be in existence solely for the purpose of engaging in illegal activities.

■ Not only does GAAC fail to define what the enterprise is or if it exists, but even if the court were to assume that Zwego was the person and Wichita Auto Plaza was the enterprise, the petition still fails. Paragraph 2 of the complaint states that "Zwego was the sole owner and principal officer of" Wichita Auto Plaza "and used, managed and controlled same as his own instrumentality and *alter ego* for the purposes hereinafter mentioned." Respondent, in the petition and again in oral argument, admitted that Zwego and Wichita Auto Plaza are one in the same. Therefore, Count XI fails to state a claim under RICO upon which relief can be granted.

### III.

Point two alleged error in the trial court's award of both statutory treble damages under the RICO claim, and punitive damages under the other claims. Appellant contends that this results in a double recovery of punitive damages since treble damages are, by their nature, punitive. Because Count XI (RICO) failed to state a claim, the second point on appeal is moot.

The third point addresses computation of actual damages and is modified as follows. Since the judgement on Count XI (RICO) is reversed for failure to state a claim, the proper amount of actual damages to be awarded are those found in verdicts A through J, the fraud claims. Actual damages should be awarded in the amount of $13,864.[3]

The fourth point addresses error in the amount of punitive damages awarded. The trial court originally entered judgement in the amount of $26,950, the result of an obvious mathematical error. Respondent admits this is obviously a miscalculation and is, therefore, plain error and reviewable in accordance with Rule 84.13(c). The correct amount of punitive damages to be awarded is the sum of punitives found in verdicts A through J. This amount is $21,950.

There is no award of attorney's fees, as that was applicable under the RICO claim which has been dismissed.

### IV.

■ Finally, Zwego contends that the trial court erred when it excluded evidence concerning the sale of certain vehicles that

3. Damages awarded:

| Verdict | Actual $ | Punitive $ |
| --- | --- | --- |
| A | 1,012.000 | 0 |
| B | 0 | 0 |
| C | 0 | 0 |
| D | 4,595.00 | 0 |
| E | 1.00 | 8,000 |
| F | 1.00 | 8,950 |
| G | 785.00 | 0 |
| H | 0 | 0 |
| I | 7,470.50 | 5,000.00 |
| J | 0 | 0 |
| K | RICO claim—dismissed | |
| TOTAL | $13,864 | $21,950 |

he contends was relevant to the issue of damages. However, when the objection was made, Appellant was given the opportunity to make an offer of proof and he declined to do so, stating that there was no need as the judge had already ruled. "When an objection is sustained to the proffered evidence, the offering party must show its relevancy and materiality by way of an offer of proof in order preserve the issue for appellate review." *State v. Foulk,* 725 S.W.2d 56, 66 (Mo.App.1987). The offer of proof must show what evidence will be given, the purpose and object of the evidence sought to be introduced, and all of the facts necessary to establish the admissibility of the evidence in sufficient detail to demonstrate its relevancy and materiality. *Id.* Appellant failed to preserve this for appeal.

The judgement as to damages for fraud is affirmed, as modified as to the amount of $13,864 actual damages, and $21,950 punitive damages. The judgement entered on count XI for RICO relief is reversed.

All concur.