**DISTRIBUTION TRANSPORTATION SERVICES, INC., Plaintiff/Respondent,**

v.

**Sead SALIHOVIC,
Defendant/Appellant.**

**No. ED 75107.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 10, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 5, 1999.

Riezman & Blitz, P.C., James O. Hacking, III, St. Louis, for appellant.

Saale & Bailey, L.C., David H. Bailey, Jr., St. Peters, for respondent.

PUDLOWSKI, Presiding Judge.

Sead Salihovic (Salihovic) appeals the decision of an associate judge of the circuit court which denied him the opportunity to vacate a default judgment against him and to apply for a trial de novo. We reverse and remand.

Salihovic, a native born Bosnian, moved to the United States in 1994. He works as a truck driver and has a limited command of English.

Transportation Services, Inc. (DTS) employed Salihovic in September 1996 as a driver. Salihovic continued to be employed by DTS until approximately November 1997. Following Salihovic's departure from DTS, DTS filed suit against him on 2 February 1998 in the associate circuit court of Saint Charles County for money lent to Salihovic and allegedly not repaid.

Salihovic was constructively served by delivery of a summons to his wife at their home. On 2 March 1998, Salihovic appeared in court. At that time, the court advised Salihovic to retain an attorney since Salihovic was unfamiliar with the United States law and procedure, and had limited English comprehension. The court continued the matter until 6 April 1998.

Taking the advice of the court, Salihovic visited the office of the attorney who helped him with his immigration matters and explained the instant litigation. He believed that this attorney would represent him in the instant matter. Accordingly, he left all of his paperwork and information regarding the case with her.

On 6 April 1998, this attorney faxed a request for a continuance to the court. The matter was reset until 4 May 1998. On 30 April 1998, DTS faxed a request for another continuance. The matter again was reset until 8 June 1998. The clerk of the court sent notice of this continuance to the counsel for Salihovic who had earlier faxed the motion for continuance, but had not formally entered her appearance on Salihovic's behalf.

On 8 June 1998, no attorney appeared on Salihovic's behalf nor did he personally appear. The associate judge issued a default judgment against Salihovic in the amount of $4,842.88 plus court costs and interest.

On 2 July 1998, a different attorney entered his appearance on the behalf of Salihovic. This attorney filed a motion to set aside the default judgment. Following arguments, the court denied Salihovic's motion to set aside the default judgment on 14 July 1998.

Salihovic appealed seeking a trial de novo on 24 July 1998. Salihovic also filed a motion to vacate the prior denial of the motion to set aside the default judgment. On 3 August 1998, the associate judge denied the motion to vacate and the application for trial de novo. Salihovic filed notice of appeal on 9 September 1998.

Salihovic raises three points on appeal. He contends that the associate circuit court judge erred in: (1) refusing to grant Salihovic's request for a trial de novo because the decision of a trial court denying a motion to set aside a default judgment constitutes an independent judgment and an appeal from an associate circuit court judgment in cases involving less than $5,000 may only be effectuated by applying for a trial de novo, and Salihovic had a constitutional right to a trial de novo; (2) denying Salihovic's motion to set aside the default judgment because he proffered a meritorious defense and good cause under Missouri Rule of Civil Procedure 74.05(d), and because the associate circuit court entered the default judgment despite the fact that Salihovic never received notice of the 8 June 1998 trial setting; and (3) failing to treat Salihovic's motion to vacate as an equitable proceeding to set aside the default judgment because the motion sought to invoke the equitable powers of the court, pursuant to Rule 74.06(b), to relieve Salihovic from a final judgment due to the mistake of the court and of DTS's counsel in failing to notify Salihovic of the trial setting, thus denying his due process under the law.

We begin with Salihovic's contention that the associate circuit judge erred in denying his motion to set aside the default judgment pursuant to Rule 74.05(d). In this point, Salihovic contends that the associate circuit court abused its discretion in denying his motion to set aside the default judgment because he proffered a meritorious defense and good cause.

■ A trial judge has discretion to set aside a default judgment; however, the discretion to not set aside a default judg-

ment is more narrow than that of setting aside a default judgment. *Continental Basketball Ass'n v. Harrisburg Professional Sports Inc.*, 947 S.W.2d 471, 473 (Mo.App. E.D.1997). The rationale for this distinction is that our system has an aversion to default judgments; courts favor a trial on the merits. *Id.; Gibson by Woodall v. Elley*, 778 S.W.2d 851, 854 (Mo. App. W.D.1989).

A default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause..." when the motion is "made within a reasonable time not to exceed one year after the entry of the default judgment." Rule 74.05(d). "Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d).

■ In order for this Court to set aside a default judgment, the motioning party must include facts, within the motion to set aside, constituting a meritorious defense. Rule 74.05(d). Salihovic's motion to set aside does not contain any facts which would establish a meritorious defense from the default judgment. Since he failed to establish a meritorious defense within the motion to set aside the default judgment, the trial court did not err in denying Salihovic's motion.

Next, Salihovic contends the associate circuit court judge erred and exceeded his jurisdiction by refusing to grant Salihovic's request for a trial de novo. DTS believes there was no error because Salihovic had neither a statutory nor Constitutional right to a trial de novo. The motion for trial de novo was improperly denied.

■ Application for a trial de novo is governed by statutory law. Section 512.180.1 RSMo (1994) states:

> Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of trial de

novo in all cases where the petition claims damages not to exceed five thousand dollars.

Upon timely application, a trial de novo will be granted to a party who is: (1) aggrieved; (2) in a case tried in front of an associate circuit judge; and (3) the damages in the petition do not exceed $5,000. *McElroy v. Westin Hotel Co.*, 976 S.W.2d 41, 43 (Mo.App. W.D.1998).

■ Salihovic was "aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge....l" Section 512.180 RSMo 1994. The associate circuit judge did not sit in probate nor was he hearing the case using procedures applicable to circuit court judges. DTS's petition claimed damages in the amount of $4,842.88. Salihovic meets the three requirements as set forth in the statute and should have been granted a trial de novo.

DTS claims that Salihovic's application for a trial de novo was untimely filed. We have reviewed the record and find no jurisdictional error. Accordingly, DTS's motion to dismiss is denied.

Since the associate circuit judge erred in denying Salihovic's motion for trial de novo, we decline to address the merits of the remaining point on appeal. The judgment is reversed and remanded.

CLIFFORD H. AHRENS, Judge and ROBERT E. CRIST, Senior Judge, concur.