Annette HOPKINS, Plaintiff/Appellant,

v.

Brenda MILLS–KLUTTZ,
Defendant/Respondent.

No. ED 78315.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 15, 2002.

Application for Transfer to Supreme Court
Denied Feb. 20, 2002.

Michael A. Gross, St. Louis, MO, for appellant.

Thomas Carter, II, Beverly R. Kinds Steward, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff filed a lawsuit against two physicians to recover damages for the wrongful death of her husband. Plaintiff settled with one defendant and obtained a default judgment against the other defendant. The trial court granted a motion to set aside the default judgment and held a trial on liability. Plaintiff appeals from the verdict in defendant's favor on the grounds that the trial court erred in setting aside the default judgment and in denying her motion for judgment notwithstanding the verdict. We affirm.

## PROCEDURAL BACKGROUND

On January 11, 1993 plaintiff, Annette Hopkins, filed a six-count petition against H.A. Osaghae–Morgan, M.D., and Brenda Mills Kluttz, M.D., to recover damages for the wrongful death of her husband, Richard Hopkins. On March 15, 1993 the court entered an interlocutory order of default against Dr. Mills–Kluttz, which Dr. Mills Kluttz moved to set aside. In 1996 plaintiff settled her claims against Dr. Osaghae–Morgan for $300,000.

On July 11, 1997 the trial court called Dr. Mills–Kluttz's July 29, 1993 motion to set aside the interlocutory order of default. Dr. Mills–Kluttz did not appear. The court overruled the motion and entered a default judgment against Dr. Mills–Kluttz in the amount of $500,000. On July 1, 1998, Dr. Mills–Klutz was garnished. On July 8, 1998, Dr. Mills–Kluttz filed, through new counsel, a motion to set aside the July 11, 1997 default judgment. In her affidavit in support of her motion, Dr. Mills–Kluttz attested that, after being served, she retained counsel at all times throughout the entire proceeding. She averred that she was unaware of the July 11, 1997 hearing, at which no one appeared on her behalf. Additionally, she attested that she did not receive notice of the default judgment until she was garnished on July 1, 1998.

The trial court subsequently granted Dr. Mills–Kluttz's motion to set aside the default judgment. It found that Dr. Mills–Kluttz not only demonstrated an arguable theory that would defeat plaintiff's claim, but set out specific and detailed facts and evidence "supporting a cogent argument that she was not responsible for [Mr. Hop-

kins's] care and diagnosis at the time relevant to this lawsuit." It found good cause in that defendant had continuously maintained her same defense, but her former counsel at that time had failed to appear at the hearing on the motion to set aside the interlocutory order. The trial court noted that her former counsel had since been suspended for conduct involving violations of the rules of professional responsibility concerning the proper handling of clients' matters. It found that Dr. Mills–Kluttz had not intentionally or recklessly attempted to impede the judicial process. It also found that plaintiff would not suffer injustice if the court set aside the judgment. It ordered a trial on liability.

The jury returned a verdict in favor of Dr. Mills–Kluttz. Plaintiff filed a motion for judgment notwithstanding the verdict, on the grounds that Dr. Mills–Kluttz had admitted facts at trial that contradicted the facts in the affidavit relied upon to set aside the default judgment. The trial court denied the motion.

## DISCUSSION

### 1. Set Aside of Default Judgment

For her first point, plaintiff contends the trial court erred in granting Dr. Mills–Kluttz's motion to set aside the default judgment because it was filed 362 days after the entry of the default judgment and not within a reasonable time under Rule 74.05(d).

■ A motion to set aside a default judgment rests within the sound discretion of the trial court. *Distribution Transp. Svcs., Inc. v. Salihovic,* 2 S.W.3d 822, 824 (Mo.App.1999). The discretion to not set aside a default judgment is narrower than that to set aside a default judgment. *Id.* at 824–25. The rationale for this distinction is that our system dislikes default judgments and favors a trial on the merits. *Id.* We will find an abuse of discretion only

where the record convincingly demonstrates abuse. *Klaus v. Shelby,* 42 S.W.3d 829, 831 (Mo.App.2001).

■ Rule 74.05(d) directs, in part, that a default judgment may be set aside upon a motion which "shall be made within a reasonable time not to exceed one year after the entry of the default judgment." Dr. Mills–Kluttz filed her motion within one year after entry of the default judgment. The question is whether the filing 362 days after that entry was within a "reasonable time."

■ In determining reasonableness, we look at the underlying circumstances surrounding the delay. We consider whether the delay resulted in substantial harm to plaintiff and whether anything happened during the period of the delay that would adversely affect plaintiff's ability to pursue her cause of action on the merits. *See Keltner v. Lawson,* 931 S.W.2d 477, 482 (Mo.App.1996).

The record does not indicate that plaintiff was adversely affected by the 362–day delay. This lawsuit had already been subject to significant other delays over the previous five years. There was a four-year delay from the time the interlocutory default was entered until the time the default judgment was entered and another delay of eleven months before plaintiff attempted to execute on the judgment. *See Meramec Valley Bank v. Joel Bianco Kawasaki Plus, Inc.,* 14 S.W.3d 684, 689 (Mo. App.2000). Dr. Mills–Kluttz's defense was first asserted in the motion to set aside the interlocutory order of default and remained the same throughout the course of the litigation. Further, nothing in the record suggests that Dr. Mills–Kluttz or her attorneys delayed in moving to set aside judgment to gain any tactical advantage. Under these circumstances, the trial court did not err in failing to find the 362–day

delay to be unreasonable. *See Clark v. Brown,* 814 S.W.2d 634, 638 (Mo.App. 1991).

The trial court did not abuse its discretion in setting aside the default judgment. Point one is denied.

### 2. *Denial of Motion JNOV*

For her second point plaintiff asserts that the trial court abused its discretion in denying her motion for judgment notwithstanding the verdict. Plaintiff first contends the trial court erred in denying the motion for judgment notwithstanding the verdict because the motion to set aside should not have been granted because Dr. Mills–Kluttz failed to file it within a reasonable time. We have disposed of this contention in our discussion of Point One.

■ Plaintiff next asserts that the trial court erred in denying the motion for judgment notwithstanding the verdict because Dr. Mills–Kluttz's trial testimony established that her affidavit in support of the motion to set aside the default judgment was false and she therefore failed to prove she had a meritorious defense as required by Rule 74.05(d). Plaintiff argues that Dr. Mills–Kluttz ultimately failed to show facts constituting a meritorious defense because she "admitted at trial that she was Hopkins'[s] primary care physician and always had been responsible for monitoring his medical condition and that she had spoken with Dr. Osaghae–Morgan about Mr. Hopkins after she referred Mr. Hopkins to Dr. Osaghae–Morgan and after Mr. Hopkins'[s] surgery was completed."

Dr. Mills–Kluttz attested in her affidavit as follows:

4. That in the year of 1988 and 1989 I saw Richard Hopkins in my office for a routine physical examination. He came back to the office in 1990 with a prostate complaint.... He saw Dr. H.A. Osa-ghae–Morgan and was apparently hospitalized ... for prostate surgery. I was not the attending physician nor the consulting physician while he was in the hospital.... I did not see the patient again until March or April, 1992 when.... I referred him to Dr. Yates [and] ... Dr. Yates diagnosed Richard Hopkins with cancer.

5. [D]uring the hospitalization ... [Hopkins was] under the care and treatment of Dr. Osaghae–Morgan....

6. That no communication was ever had between myself or Dr. Osaghae–Morgan concerning the care, custody and treatment of Richard Hopkins, either before, during or after his hospitalization.

7. I did not occupy the position of Mr. Hopkins'[s] primary care physician nor a consulting physician while he was in the care and treatment of Dr. Osaghae–Morgan.

9. I did not serve [in] any capacity [as] the treating or admitting physician when Richard Hopkins was admitted [to the hospital].... I was not the treating or admitting physician.... I was not informed of Mr. Hopkins'[s] cancerous condition.

■ These allegations supported a meritorious defense. A referral of a patient by one physician to another competent physician, absent partnership, employment, or agency, does not impose liability on the referring physician. *Mincey v. Blando,* 655 S.W.2d 609, 612 (Mo.App.1983). The mere referral of a patient by one doctor to another competent doctor does not by that fact impose liability on the physician who refers for the negligence of the other. *Sall v. Ellfeldt,* 662 S.W.2d 517, 526 n. 4 (Mo.App. 1983). A referring physician is not liable for the negligence of the treating physician if the referring physician

merely referred the patient whereupon the treating physician assumed responsibility, did not participate in the operation, was not alleged to be negligent in his referral, and was not claimed to be engaged in any partnership with the treating physician. *Mincey,* 655 S.W.2d at 612.

Plaintiff argues that Dr. Mills–Kluttz's trial testimony contradicted the averments in her affidavit and the trial court should have entered a judgment notwithstanding the verdict for this reason. This argument has no merit.

We do not reach the question of whether inconsistent trial testimony can be a basis for restoring a default judgment because Dr. Mills–Kluttz's trial testimony did not contradict the averments in her affidavit and because her trial defense was the same defense she asserted in her affidavit. She clearly testified that the doctor patient-relationship terminated during the period of time Mr. Hopkins was under the specialist's care and resumed again after the specialist released him as a patient. Her conversations with the specialist while Mr. Hopkins was under his care do not show that Mr. Hopkins remained under Dr. Mills–Kluttz's care. The specialist merely called her to thank her for the referral and called her again on the day of Mr. Hopkins's surgery and told her that Mr. Hopkins was doing fine, that he would follow the patient, and that he would call her if anything out of the ordinary happened, but did not. By its verdict, the jury determined from the trial evidence that Dr. Mills–Kluttz was not responsible for the patient's care during the time relevant to this lawsuit, the same defense that was set out in the affidavit.

The trial court did not abuse its discretion in denying the motion for judgment notwithstanding the verdict. Point two is denied.

The judgment of the trial court is affirmed.

WILLIAM H. CRANDALL, JR., P.J., and ROBERT G. DOWD, JR., J., concur.