BEN F. BLANTON CONSTRUCTION,
INC., Appellant,

v.

CASTLE HILL HOLDINGS
XI, L.L.C., Respondent.

No. ED 81859.

Missouri Court of Appeals,
Eastern District,
Division One.

June 24, 2003.

Robert J. Blackwell, James B. Day,
Bryan T. Voss, O'Fallon, MO, for appel-
lant.

Joseph V. Keady, Jr., St. Louis, MO, for respondent.

**ROBERT G. DOWD, JR.,** Presiding Judge.

Ben F. Blanton Construction, Inc. (Blanton) appeals from the trial court's setting aside of a default judgment against Castle Hill Holdings XI, L.L.C. (Castle Hill). Blanton contends the trial court erred in setting aside the default judgment because Castle Hill's motion to set aside did not state facts constituting a meritorious defense as required by Rule 74.05(d). We reverse and remand with instructions.

Blanton and Castle Hill entered into a contract to construct a restaurant. According to the terms of the contract, Castle Hill agreed to pay Blanton the sum of $462,375.00 in consideration for Blanton performing its obligations under the contract. A dispute arose as to whether the work under the contract was completed and whether full payment was due. On April 26, 2002, Blanton filed a petition alleging breach of contract by Castle Hill seeking the unpaid balance under the contract in the amount of $10,059.50. On May 8, 2002, the sheriff served the registered agent for Castle Hill with a petition and summons which included a specified court date of May 30, 2002.

At the May 30, 2002 court date, Blanton appeared. Castle Hill, however, failed to appear. The trial court entered a judgment in default against Castle Hill in the amount of $11,567.50: $10,059.50 in principal and $1,508.00 in attorney's fees.

On September 9, 2002, Castle Hill filed a motion to set aside the default judgment. Castle Hill asserted that it mistakenly assumed the matter was being handled by counsel and alleged three meritorious defenses, breach of contract, payment, and breach of warranty. Blanton filed its opposition to the motion to set aside alleging that Castle Hill's motion to set aside failed to recite specific facts supporting the alleged defenses. After a hearing on the motion to set aside, the trial court granted Castle Hill's motion to set aside the default judgment and set the judgment aside. Blanton now appeals.

■ In its sole point, Blanton contends the trial court erred in granting Castle Hill's motion to set aside the default judgment and in setting aside the default judgment. Specifically, Blanton argues Castle Hill failed to state specific facts that would constitute a meritorious defense. We agree.

■ A motion to set aside a default judgment rests within the sound discretion of the trial court. *Hopkins v. Mills–Kluttz,* 77 S.W.3d 624, 626 (Mo.App. E.D. 2002). Upon review of a trial court's decision, we afford the trial court broad discretion in granting a motion to set aside a default judgment and narrow discretion in denying a motion to set aside a default judgment. *Id.* The rationale for this distinction is that our system dislikes default judgments and favors a trial on the merits. *Id.* We will find an abuse of discretion only where the record convincingly demonstrates abuse. *Id.*

■ "Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside." Rule 74.05(d). In order to show a meritorious defense, the party in default need not present extensive evidence. *Tinsley v. B & B Engines, Inc.,* 27 S.W.3d 859, 861 (Mo.App. E.D.2000). The party need only make a showing of an arguable theory of defense. *Id.* "Although there is no universal standard which establishes the components of a meritorious defense, it has been interpreted to mean 'any factor likely to materially affect the sub-

stantive result of the case.'" *Id.* (quoting *Yerkes v. Asberry,* 938 S.W.2d 307, 309 (Mo.App. E.D.1997).) The concept of meritorious defense is not intended to impose a "high hurdle," but is designed to allow the case to be decided on the merits where there are legitimate issues to be considered. *Id.* However, bare statements amounting to mere speculation or conclusions fail to meet the pleading requirement. *Id.* To determine compliance with the pleading requirement, we look to the allegations in the defaulting party's motion, and such other documents as affidavits, exhibits, and proposed answers. *Id.*

■ In its motion to set aside the default judgment, Castle Hill stated:

[Castle Hill] has meritorious defenses to the allegations contained in [Blanton's] Petition, including, but not limited to:

a. [Blanton]'s breach of contract and/or failure to perform conditions precedent;

b. Payment; and

c. Breach of warranty.

Castle Hill did not attach any affidavits, exhibits, or other documents to support its motion. Blanton contends that Castle Hill's motion only contained conclusory statements of alleged defenses without any facts to support its allegations and therefore did not state "a specific recitation of particular facts which, if proven, would constitute a meritorious defense," citing *Hughes v. Britt,* 819 S.W.2d 381, 383 (Mo. App. E.D.1991). Castle Hill maintains it satisfied the requirements of Rule 74.05(d) in that it made the required showing of the

existence of at least an arguable theory from which a defense may be made.[1]

We agree with Blanton that Castle Hill's motion failed to state particular facts, which, if proven, would constitute a meritorious defense. Castle Hill attempted to establish several defenses in its motion to set aside the default judgment. Castle Hill alleged that Blanton breached the contract and/or failed to perform conditions precedent. However, Castle Hill failed to allege any particular facts to show how Blanton breached the contract or failed to perform conditions precedent. Blanton also alleged "payment" as a meritorious defense, but failed to state what payment was made to Blanton. Finally, Castle Hill alleged "breach of warranty," but failed to show facts about the existence of a warranty or how Blanton breached a warranty. Castle Hill did not state any facts to support its allegations in its motion. A conclusory statement about the existence of a defense without supporting facts does not present an arguable theory or otherwise satisfy the strict pleading requirements of Rule 74.05(d). *Bredeman v. Eno,* 863 S.W.2d 24, 26 (Mo.App. W.D.1993) (applying Rule 74.05(c), the predecessor to Rule 74.05(d)). The trial court abused its discretion in granting the motion to set aside the default judgment.

In its default judgment, the trial court awarded $10,059.50 in principal and $1,508.00 in attorney's fees. In its brief, Castle Hill contends that the trial court's award of attorney's fees was neither supported by law nor in the contract at issue.

1. In its brief, Castle Hill references its answer, affirmative defenses, and counterclaim in support of its argument. Castle Hill filed a supplemental legal file containing these documents. Blanton filed a motion to strike Castle Hill's supplemental legal file that was taken with the case. The documents in Castle Hill's supplemental legal file were filed with the trial court on November 1, 2002. The hearing on the motion to set aside the default judgment occurred on September 26, 2002. Because these documents were not before the trial court at the time of the hearing of the motion to set aside, we cannot consider these documents on appeal. Blanton's motion to strike Castle Hill's supplemental legal file is granted.

Blanton seems to concede that the attorney's fees may have been excessive relief. We find no basis for the award of attorney's fees and instruct the trial court on remand to strike the award of attorney's fees.

Castle Hill's motion contained conclusions, but did not state "facts constituting a meritorious defense" as required by Rule 74.05(d). The trial court abused its discretion in granting the motion to set aside the default judgment. The judgment of the trial court is reversed and remanded for entry of default judgment. However, because there was no basis for the award of attorney's fees, the trial court shall reduce the amount of the judgment by $1,508.00.

HOFF and DRAPER, JJ., concur.