

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00544-CR

ANTHONY RECARDO WILLIAMS, JR.    APPELLANT

V.

THE STATE OF TEXAS    STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Anthony Recardo Williams, Jr. pleaded guilty to burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02(c)(2) (West 2011). In accordance with the terms of the plea bargain, the trial court placed him on six years' deferred adjudication community supervision and sentenced him to pay a $600 fine. The State subsequently filed a petition to

---

[1]*See* Tex. R. App. P. 47.4.

proceed to adjudication, alleging that Williams had violated four conditions of his community supervision. Williams pleaded "true" to three of the violations alleged in the State's petition. The trial court found that three paragraphs of the petition were true, adjudicated Williams guilty, and sentenced him to five years' confinement. This appeal followed.

Williams's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. This court afforded Williams the opportunity to file a brief on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 4, 2012