

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00223-CR
### NO. 02-14-00224-CR
### NO. 02-14-00225-CR

DESIREE SATTERWHITE                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1278943D, 1278944D, 1280742D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Desiree Satterwhite appeals her three first-degree convictions of aggravated robbery with a deadly weapon. Satterwhite pleaded not guilty to each indicted charge, but a jury found her guilty of each and assessed punishment at forty years' incarceration for each; the sentences run concurrently.

----

[1]*See* Tex. R. App. P. 47.4.

Satterwhite's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Satterwhite of his motion to withdraw, provided her a copy of the brief, informed her of her right to file a pro se response, provided her a form motion for pro se access to the appellate record that lacked only her signature and the date, provided instructions to file the pro se form within ten days and gave her this court's address, and informed her of her pro se right to seek discretionary review should this court hold the appeal to be frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Satterwhite the opportunity to file a brief on her own behalf, but she did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178

S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 28, 2015