

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00089-CR

KAYLEE LYNNE BELL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY
### TRIAL COURT NO. CR17768

----------

## MEMORANDUM OPINION[1]

----------

Kaylee Lynne Bell pled guilty to third-degree felony driving while intoxicated pursuant to an open plea and also pled true to the State's enhancement allegation, increasing the punishment range to that of a second-degree felony. *See* Tex. Penal Code Ann. §§ 12.42(a), 49.04(a), 49.09(b)(2)

---

[1]*See* Tex. R. App. P. 47.4.

(West Supp. 2015).  After receiving a presentence investigation report, the trial court assessed her punishment at twelve years' confinement.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that there is nothing in the record that might arguably support this appeal.  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).  Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief.  *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding).  Counsel also informed this court that he provided appellant with the information required by *Kelly v. State*, including a pro se motion to access the appellate record.  436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).  We gave appellant an opportunity to file a pro se response to counsel's brief, but she did not do so.  Likewise, the State declined to file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief.  We agree with counsel that the appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal.  *See Bledsoe v. State*, 178

2

S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 2, 2016