COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JOHN MASON, | § | No. 08-23-00257-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20220D02641) |

## MEMORANDUM OPINION

A jury convicted Appellant John Mason on two counts of aggravated assault with a deadly weapon and sentenced him to 35 years imprisonment in the Texas Department of Criminal Justice (TDCJ). *See* Tex. Penal Code Ann. § 22.02(a)(2). On appeal, Mason's appointed counsel has filed an *Anders* brief in support of a motion to withdraw.[1] We grant counsel's motion and affirm the judgment of the trial court.

## BACKGROUND

Mason was indicted on two counts of aggravated assault with a deadly weapon, namely, a knife, against two complaining witnesses. Additionally, in support of an enhanced sentence as to both counts, the State alleged Mason had two prior felony convictions, one for injury to a child

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967).

and the other for assault on a police officer. The case proceeded to a jury trial where the State presented evidence through the testimony of four witnesses and multiple exhibits, that included surveillance videos, photographs, and a knife recovered from the scene. At the conclusion of the guilt-innocence phase, the jury returned a verdict of guilty on both counts. After the punishment phase, the jury found the allegations in each enhancement was true and assessed Mason's punishment as confinement in the TDCJ, Institutional Division, for a period of 35 years. The trial court rendered a judgment of conviction in accordance with the jury's verdict.

## FRIVOLOUS APPEAL

Mason's appointed appellate counsel filed an *Anders* brief and a motion to withdraw. With citations to the record and legal authority, counsel's brief contains a professional evaluation of the record, explains why no arguable points of error exist for review, and concludes that this appeal is frivolous and without merit. *Anders v. California*, 386 U.S. 738, 744–45 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). We conclude the brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744–75; *High*, 573 S.W.2d at 812–13. Additionally, counsel provided Mason with a copy of the brief, advised him of his right to examine the record and file a response, and advised him of his right to seek discretionary review in the Texas Court of Criminal Appeals should this Court conclude his appeal is frivolous. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Mason has not filed a pro se brief.

When this Court receives an *Anders* brief asserting no arguable grounds for appeal exist, we must independently review the record to determine whether the appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). We do not review the merits of potential issues set out in the brief or raised in a pro se response but, instead, determine whether there are any arguable grounds for reversal. *Bledsoe v. State*, 178

S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If we conclude, after conducting an independent review, that appellate counsel has made a thorough and conscientious examination of the record and agree the appeal is frivolous, we must grant counsel's motion to withdraw and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008); *Meza v. State*, 206 S.W.3d 684, 688–89 (Tex. Crim. App. 2006). Having reviewed the record and the *Anders* brief, we conclude there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *In re Schulman*, 252 S.W.3d at 408–09. We affirm the trial court's judgment and grant appellate counsel's motion to withdraw.

## FURTHER REVIEW

No substitute counsel will be appointed. Through a retained attorney or by representing himself, Mason may ask the Court of Criminal Appeals to review his case by filing a petition for discretionary review. The petition must be filed with the clerk of the Court of Criminal Appeals within 30 days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* Tex. R. App. P. 68.2, 68.3(a). The petition must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4.

## CLERICAL ERROR IN THE JUDGMENT

Through our review of the record, we discovered a clerical error in the trial court's judgment. We have the power to modify a judgment to speak the truth when we have the necessary information to do so. Tex. R. App. P. 43.2(b); *Ray v. State*, No. 05-17-00820, 2018 WL 1149421, at *2 (Tex. App.—Dallas Mar. 5, 2018, no pet.) (mem. op., not designated for publication) (modifying judgment in *Anders* appeal).

The State alleged two enhancement paragraphs in the indictment. Mason pleaded not true to both enhancements. In assessing punishment, the jury returned a finding of true as to both. However, the two enhancement findings are not properly reflected in the judgment of conviction.

3

The judgment lists "TRUE" in the space next to "1st Enhancement Paragraph" and "TRUE" in the space next to "Finding on 1st Enhancement Paragraph." Then, the judgment lists "N/A" in the space next to "2nd Enhancement Paragraph" and "N/A" in the space next to "Finding on 2nd Enhancement Paragraph."

Accordingly, we modify the judgment as follows: (1) replacing the language "TRUE" in the space next to "1st Enhancement Paragraph" with "PLEADED NOT TRUE," (2) replacing the language "N/A" in the space next to "2nd Enhancement Paragraph" with "PLEADED NOT TRUE," and (3) replacing the language "N/A" in the space next to "Finding on 2nd Enhancement Paragraph" with "TRUE."

As modified, we affirm the trial court's judgment.

## CONCLUSION

Having modified the judgment to correct the clerical errors, and having reviewed the record, we agree with appellant's counsel that this appeal is wholly frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgment of the trial court as modified. Tex. R. App. P. 43.2 (b).


GINA M. PALAFOX, Justice

June 13, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

4