**BOATMEN'S FIRST NATIONAL BANK, Raytown Banking Center, Plaintiff/Respondent,**

v.

**L. Steve KRIDER, Defendant,**

and

**Nancy L. Krider, Defendant/Appellant.**

**No. WD 43474.**

Missouri Court of Appeals, Western District.

Jan. 15, 1991.

Daniel D. Phillips, Cynthia F. Grimes, Stinson, Lewis, Rice & Fingersh, Kansas City, for appellant.

Frank P. Barker, III, Stephen P. Wilson, Alison K. Blessing, Barker, Rubin & Sonnich, Kansas City, for respondent.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Boatmen's First National Bank obtained a default judgment against Nancy Adams, formerly Nancy Krider. Adams filed a motion to set aside the judgment pursuant to Rule 74.05(c) and the court summarily denied the motion without a hearing. Adams contends the court erred in ruling without holding a hearing. Reversed and remanded.

Adams is the former wife of Steve Krider. In August 1984, Krider borrowed $1,800 from Boatmen's and Adams executed a guaranty of the loan. The guaranty contains language indicating that it is of a continuing nature. Apparently that loan was repaid.

In 1987, Krider borrowed about $5,000 from Boatmen's. Boatmen's did not notify Adams of the loan or of subsequent renewals. Adams and Krider were divorced in July, 1988, and the decree set off the Boatmen's loan to Krider.

In 1989, Boatmen's contacted Adams and requested assistance in collecting the unpaid loan from Krider and Adams cooperated. Thereafter, Boatmen's sued Krider and Adams and obtained a default judgment and the motion to set aside that judgment followed.

Attached to her motion to set aside the judgment was an affidavit signed by Adams. The affidavit stated that Adams received service of the suit on the loan. Adams stated that she had given the bank information about Krider and told it about the assignment of the loan to Krider in the divorce decree. She stated that Boatmen's told her that Krider had indicated that he would satisfy the loan obligation. Adams stated that Boatmen's never mentioned to her the claim that her guaranty was a continuing one which it intended to enforce against her. Adams further stated that she was thereafter sued by Boatmen's and that she contacted the bank's attorney and told him that she was not liable. She stated that she also talked with Krider who told her not to appear in the lawsuit because he would take care of the matter. She stated that Krider said his attorney told him that the bank could not enforce the guaranty against her. Adams stated that when she did not hear further from the bank that she thought the bank had decided not to proceed against her and for that reason failed to appear. Also attached to the motion to set aside the judgment was a proposed answer alleging a number of defenses to the suit.

Adams filed her motion to set aside the judgment within one year after its rendition. Without notice to Adams the court summarily overruled the motion without a hearing. Adams filed a motion for reconsideration in which she requested a hearing on the motion. This too was denied.

Rule 74.05(c) states that a default judgment may be set aside upon a motion stating facts constituting a meritorious defense and for good cause shown. The rule provides that good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. Adams' motion together with the affidavit and the proposed answer facially met the requirements of the rule.

In *McClelland v. Progressive Casualty Ins. Co.,* 790 S.W.2d 490, 492 (Mo.App. 1990), the court reiterated its holding in *State ex rel. King v. Huesemann,* 776 S.W.2d 488, 491 (Mo.App.1989), and determined that in a proceeding under Rule 74.-05(c):

> [A] movant seeking to set aside a default judgment must (1) file a motion satisfying the pleading requirements of Rule 74.05(c), and (2) establish good cause for setting the judgment aside, at an evidentiary hearing. The court further held that: (3) the person who obtained the default judgment is entitled to reasonable notice and an opportunity to be heard on the issues raised by the motion.

The holding in *McClelland* and *Huesemann,* is that a motion to set aside a default judgment under Rule 74.05(c) requires an evidentiary hearing when the pleading requirement has been met. The reason for this holding is that the movant bears the burden of proof to convince the court of the existence of the grounds required by the rule to set aside the judgment.

A further reason for the requirement of a hearing is demonstrated in this case. The motion, affidavit and proposed answer facially meet the requirement of the rule for the setting aside of the judgment. Adams was entitled to a hearing in which she could attempt to prove the matters encompassed in the motion. Because the court summarily overruled the motion without a hearing, Adams was denied the opportunity to prove those matters contained in her affidavit.

This court agrees with the holding in *McClelland* and *Huesemann* that an evidentiary hearing is necessary when a motion to set aside a default judgment under Rule 74.05(c) is filed which meets the pleading requirement of the rule. Of course notice of the hearing is required to be given to the party obtaining the judgment.

This court expresses no view as to the merits of Adams' motion but confines its holding to the fact that the motion, affidavit and proposed answer facially meet the pleading requirements of Rule 74.05(c) and a hearing was required prior to a ruling. It will be up to the fact finder to decide whether Adams is entitled to relief after an evidentiary hearing has been held.

The judgment is reversed and this cause is remanded for further proceedings.

All concur.