Margaret S. BREDEMAN, Respondent,

v.

Earl E. ENO and Shirley
A. Eno, Appellants.

No. WD 47771.

Missouri Court of Appeals,
Western District.

Oct. 26, 1993.

Sara J. Thompson, Columbia, for appellants.

James W. Gallaher, II and Kent L. Brown, Jefferson City, for respondent.

Before TURNAGE, C.J., and SMART and ELLIS, JJ.

PER CURIAM.

Earl E. and Shirley A. Eno appeal the denial of their motion to set aside a default judgment. In this appeal, the Enos assert that the trial court erred in denying their motion without an evidentiary hearing. We affirm.

In July 1992, Margaret S. Bredeman sued the Enos for nonpayment on two promissory notes. Although served with summons in August 1992, the Enos never filed an answer. No action took place in the case until Ms. Bredeman moved for default judgment in January 1993. The trial court granted default judgment after a hearing on February 8, 1993, awarding Ms. Bredeman $32,675.43, plus interest and attorney fees on each promissory note.

On March 8, 1993, the Enos moved to set aside the default judgment under Rule 74.05(c)[1]. Their motion included explanations for their default: The Enos had not obtained counsel in the matter until March 4, 1993. They received the summons, and a copy of the docket entry granting default judgment. However, the Enos failed to receive a copy of the motion for default judgment and any notice of the hearing date on that motion. Regarding a defense to the underlying action, the motion contained the following:

> Defendant believes that he has good and meritorious defense to the Cause of Action stated in Plaintiff's Petition, in that Defendant believes that if the matter were litigated, the Defendant would prevail on some of the items of damage, and that Defendant was not given credit in this default hearing for all offsets and payments made by Defendants.

In their sole point on appeal, the Enos contend that the trial court erred in failing to afford them an evidentiary hearing before overruling their motion to set aside the default judgment. Asserting entitlement to an evidentiary hearing, the Enos maintain that they met the pleading requirements of Rule 74.05(c) by showing in their motion a meritorious defense to the underlying action and good cause for the default. They argue that the assertions in their motion sufficiently presented the defense of payment on the debt, and provided adequate reasons for their default.

■ Entitlement to an evidentiary hearing on a motion to set aside a default judgment depends on meeting the pleading requirements of Rule 74.05(c). *Boatmen's First Nat'l Bank v. Krider*, 802 S.W.2d 531, 532 (Mo.App.1991). Under the explicit terms of Rule 74.05(c), a motion to set aside a default judgment must state *facts* constituting both a meritorious defense and good cause for the default. *Harris v. Mitchell Transp., Inc.*, 812 S.W.2d 183, 184 (Mo.App.1991). Bare statements amounting to mere speculations or conclusions fail to meet the requirement of pleading *facts. Id.; State ex rel. Schimmer v. Wall*, 774 S.W.2d 864, 871 (Mo.App.1989).

■ To determine compliance with the pleading requirements of Rule 74.05(c), appellate courts examine the allegations in the motion of the party in default, and such other matters as affidavits, exhibits, and proposed answers. *See Hoskin v. Younger Cemetery Corp.*, 838 S.W.2d 476, 480 (Mo.App.1992); *Krider*, 802 S.W.2d at 532; *McClelland v. Progressive Casualty Ins. Co.*, 790 S.W.2d 490, 493–94 (Mo.App.1990). The *Hoskin* and *Krider* cases resulted in remands for evidentiary hearings on motions to set aside default judgments. In *Hoskin*, 838 S.W.2d at 480, the Eastern District found the motion and a previously-filed answer sufficient to meet the pleading requirements of Rule 74.05(c) and to require an evidentiary hearing although the motion contained conclusions and was not supported with affidavits. In *Krider*, 802 S.W.2d at 532, the party in default filed an affidavit and a proposed answer with her

---

1. Rule 74.05(c), effective 1988, provides:

   Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

motion to set aside the default judgment; she also requested an evidentiary hearing in the trial court after the summary denial.

Here, the Enos rely solely on their unverified motion. In the trial court, the Enos filed no affidavits, no exhibits, and no proposed answer; they made no request for an evidentiary hearing. We accordingly examine the Enos' motion to determine compliance with Rule 74.05(c) and the necessity of an evidentiary hearing.

■ No universally accepted standard establishes the components of a meritorious defense under Rule 74.05(c). *McClelland,* 790 S.W.2d at 494. Broadly interpreted, "meritorious defense" means proof of any factor likely to materially affect the outcome of the underlying case. *Bell v. Bell,* 849 S.W.2d 194, 198 (Mo.App.1993). To plead facts constituting a meritorious defense, the party in default need not present a defense in detail; however, that party must demonstrate at least an arguable theory that would defeat the plaintiff's claim. *See McClelland,* 790 S.W.2d at 493. When the meritorious defense is factual in nature, the party in default should recite particular facts, which if proved, would constitute a meritorious defense. *Id.* at 494.

Here, the Enos argue that their motion to set aside the default judgment included sufficient facts to raise the defense of payment of the notes. The motion alleged that (1) one defendant believed that he had a meritorious defense, and that (2) he believed that he would prevail at trial on some items of damages and that he was not credited with all offsets and payments made. In contrast, Ms. Bredeman's petition alleged that the Enos owed a balance of $32,675.43 on each note after applying all credits and payments.

■ We find that the Enos' allegations amounted to conclusions and speculations insufficient to plead a meritorious defense. The Enos inappropriately premised their pleading on the beliefs of one defendant. A belief about the existence of a meritorious defense without supporting facts fails to satisfy the pleading requirements of Rule 74.-05(c). *See Hughes v. Britt,* 819 S.W.2d 381, 383–84 (Mo.App.1991). A belief that a promissory note has been paid is insufficient to plead the affirmative defense of payment. *Meyerhardt v. Fredman,* 131 S.W.2d 916, 918 (Mo.App.1939). The Enos attempted to plead a defense that refuted the allegations in the petition on the exact amount due on the notes. However, the Enos' motion failed to indicate the amounts of payments and credits, and offered no reasons for their entitlement to damages. As pleaded, the Enos' allegations lacked facts likely to materially alter the outcome of the case or to suggest an arguable theory sufficient to defeat Ms. Bredeman's claim.

■ Our finding of insufficient facts to constitute a meritorious defense dispels any need to determine the pleading of good cause. *Harris,* 812 S.W.2d at 184. Nevertheless, we briefly consider the Enos' allegations of good cause for their default. Rule 74.05(c) broadened the meaning of "good cause" to include "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Here, the Enos provided two reasons for the default: (1) they failed to receive any notice of the default proceedings or hearing; (2) they did not obtain counsel until after receiving notice of the default judgment. Neither allegation stated the requisite facts showing good cause. Once properly served, a party who defaults is charged with notice of all subsequent proceedings in the case. *Robson v. Willers,* 784 S.W.2d 893, 896 (Mo.App.1990). Therefore, a party in default has no right to notice of the default proceedings. *Id.;* Rule 43.01. Although the Enos' motion admitted their receipt of the summons, it included no reasons for their failure to obtain counsel until after entry of the default judgment. Without supporting facts, the alleged failure to obtain counsel indicates a conscious choice to ignore the summons and suggests recklessness designed to impede the judicial process. *See Bell,* 849 S.W.2d at 198.

The Enos were not entitled to an evidentiary hearing because their motion to set aside the default judgment failed to meet the pleading requirements of Rule 74.05(c). In addition, the Enos compounded that failure by making no attempt to supplement their deficient motion and no request for an evi-

dentiary hearing. Under these circumstances, the trial court committed no error in failing to afford the Enos an evidentiary hearing. We accordingly affirm the judgment.