Helen SLACK, et al., Plaintiffs–
Respondents,

v.

Pearl Slack HUNHOLZ, et al.,
Defendants–Appellants.

No. 20250.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 27, 1995.

James D. McNabb, Marshfield, for appellant.

John W. Sims, Marshfield, for respondent.

PREWITT, Presiding Judge.

Appellants sought to set aside a default judgment as to them quieting title in certain real estate in Plaintiffs. The trial court, determining that Appellants' Motion to set aside the judgment was inadequate as stating conclusions rather than facts, denied the Motion without an evidentiary hearing.

 To be entitled to an evidentiary hearing on a motion to set aside a default judgment, the pleading requirements of Rule 74.05(d) must be met. *Bredeman v. Eno,* 863 S.W.2d 24, 25 (Mo.App.1993). Under that rule, the motion must state facts constituting a meritorious defense and good cause for the default. *Id.* Statements amounting to speculation or conclusion fail to meet the requirement of pleading facts. *Id.*

The record discloses that this action was commenced on May 26, 1993. All Defendants, except one, were served by June 30, 1993. The remaining Defendant was served on May 14, 1994. Two Defendants timely filed an Answer. An interlocutory judgment of default was entered against the remaining Defendants on November 15, 1994. On March 10, 1995, a Stipulation was signed between Plaintiffs and the answering Defendants, filed March 14, 1995. Judgment was entered on March 21, 1995. Defendants–Appellants filed their Motion to set aside the judgment on April 26, 1995. Following a nonevidentiary hearing on May 16, 1995, the trial judge denied Appellants' Motion, determining that it was "conclusionary" and did not set "forth sufficient facts to allow the court to consider it."

The Motion to set aside the judgment stated:

> [T]hese defendants [sic] failure to answer or otherwise respond was based upon oral representations of Helen Slack to certain of these defendants and other close relatives that there would be a division of this property among these defendants and other heirs or payment representing a division of the property.
>
> . . . .
>
> When it became apparent that Plaintiffs did not intend that these defendants re-

ceive anything as promised and expected and to which they are entitled, ... these defendants made efforts to employ attorneys and were unsuccessful in obtaining counsel due to the shortness of time they were aware of the motion for default judgment.

The long period of time which elapsed between service and the judgment convinces us that good cause could not be established under these facts. "Good cause includes a mistake or conduct that is not intentional or recklessly designed to impede the judicial process." Rule 74.05(d). We conclude that the conduct of Defendants–Appellants here was intentional, or at least "reckless," the latter meaning "lacking in caution ...," or "a conscious choice of [a] course of action, ... with knowledge of the serious danger ... or with knowledge of facts which would disclose the danger to a reasonable person." *In re Marriage of Williams,* 847 S.W.2d 896, 900 (Mo.App.1993). As good cause was not shown in the motion, whether a meritorious defense was sufficiently alleged need not be answered.

The judgment is affirmed.

SHRUM, C.J., and CROW, J., concur.