

# In the
# Missouri Court of Appeals
## Western District

KANSAS CITY LIVE LLC,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Appellant,　　　　　　)　　WD78882
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　OPINION FILED:　May 3, 2016
　　　　　　　　　　　　　　　　　)
VIRGINIA BUKOVAC,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　)

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable David M. Byrn, Judge

Before Division Three:　Gary D. Witt, Presiding Judge, James E. Welsh, Judge and
Anthony Rex Gabbert, Judge

Appellant Kansas City Live LLC ("KC Live") appeals the denial by the Circuit Court of Jackson County of its Motion to Set Aside Interlocutory Order of Default ("Motion to Set Aside").　The Order of Default was entered against KC Live in a lawsuit filed by the Respondent/Plaintiff Virginia Bukovac ("Bukovac") against defendants KC Live and the City of Kansas City, Missouri, in which Bukovac alleged that she was injured when she tripped and fell on an uneven sidewalk in downtown Kansas City due to the defendants' combined negligence.　KC Live failed to respond to Bukovac's amended petition, and Bukovac was granted an interlocutory judgment of default against KC Live.

KC Live sought to have that interlocutory order of default set aside. The trial court, in denying the Motion to Set Aside, found that KC Live had failed to meet the requirements of Rule 74.05(d)[1] in that KC Live (1) failed to prove it had a meritorious defense and (2) failed to show good cause to set aside the default. KC Live now appeals both of these findings. We affirm.

## Factual Background

In April of 2014, Bukovac filed a petition against the City of Kansas City, Missouri in which she alleged that she sustained an injury when she tripped and fell on an uneven sidewalk in or near what is commonly referred to as the Power and Light District in Kansas City. She claimed that the city was negligent in failing to maintain and warn of the unsafe condition of the sidewalk. In August of 2014, Bukovac amended her petition and added KC Live as a defendant, alleging that KC Live had a contractual duty to maintain and clean the sidewalk where she fell. She alleged KC Live was negligent in its maintenance of the sidewalk and in its failure to warn of and remedy the unsafe condition.

KC Live was served with Bukovac's amended petition through its registered agent, CSC-Lawyers Inc. Service Company ("CSC"), on August 19, 2014. CSC, pursuant to KC Live's instructions, emailed the summons and amended petition to three attorneys, all of whom work for KC Live. KC Live failed to timely answer the amended petition.

On October 23, 2014, Bukovac moved for an interlocutory judgment of default pursuant to Rule 74.05, solely as to KC Live. In that motion, Bukovac further requested

---

[1] All rule references are to Missouri Supreme Court Rules (2016).

that a hearing be set to determine appropriate damages. On October 27, 2014, the trial court granted Bukovac's motion and entered an interlocutory judgment of default in favor of Bukovac against KC Live.

Michael Stoltz ("Stoltz"), KC Live's Associate General Counsel, discovered on January 13, 2015 that he had received Bukovac's amended petition in his email, but had failed to forward the suit papers to KC Live's insurance carrier, which was his standard practice. Stoltz admits to opening and moving the email into a different email folder that he used for storing emails dealing with the service of suits at the time he received the amended petition in August of 2014. However, he alleged that he made a mistake and inadvertently failed to appropriately respond to the amended petition and summons or forward it to the company's insurance carrier. There is no dispute that the email indicated that KC Live was the entity being served with the petition. Upon learning of his mistake, Stoltz proceeded to forward the paperwork to KC Live's insurance carrier.

On January 15, 2015, KC Live filed its unverified Motion to Set Aside. In the Motion to Set Aside, KC Live argued there was good cause to set aside the judgment of default because the service papers were inadvertently overlooked with no intent or interest in impeding the judicial process. KC Live also submitted an affidavit from Stoltz to support the motion. The affidavit solely addressed the facts regarding Stoltz's receiving and handling of the service email.

Regarding its meritorious defenses, KC Live stated in its Motion to Set Aside that KC Live "does not believe it owned or controlled the area of the sidewalk where Plaintiff fell" as the sidewalk was property of the City of Kansas City. KC Live also alleged that

3

"the alleged dangerous condition of the sidewalk was open and obvious," and Bukovac failed to maintain a proper lookout. No affidavit or other sworn statements or testimony were submitted to support the facts giving rise to KC Live's alleged meritorious defenses.

Stoltz was deposed by Bukovac regarding KC Live's failure to respond to the amended petition and the facts regarding his handling of the email sent to him by CSC. CSC was the registered agent of KC Live, and KC Live had established a policy that when CSC received service on KC Live's behalf, CSC was to email the documents it received to three attorneys at KC Live, including Stoltz. CSC followed this policy in this case. Even though three attorneys for KC Live received the service email from CSC, Stoltz testified in his deposition that the suit in this case was his responsibility. He could offer no explanation for his failure to forward the amended petition to KC Live's insurance carrier other than that he had made a mistake in either overlooking the email or in not comprehending its contents. Stoltz also testified that KC Live has no written policies or procedures for how to respond when KC Live is served with a complaint or summons.

Following oral argument on KC Live's Motion to Set Aside, the trial court denied the motion. Upon request by KC Live, the court entered its Judgment/Amended Order, denying KC Live's Motion to Set Aside. First, the trial court found that KC Live failed to meets its burden under Rule 74.05(d) to show it has a meritorious defense. The trial court noted that no sworn testimony or affidavits were submitted to support or establish the factual basis for KC Live's arguments regarding its meritorious defenses. The trial court also found that KC Live failed to demonstrate good cause to set aside the interlocutory

4

judgment of default as KC Live's actions in this case regarding its handling of the service email were reckless.

KC Live now appeals.

**Standard of Review**

Pursuant to Rule 74.05(d), a motion to set aside a default judgment is an "independent action," and, as such, a judgment granting or denying such a motion is a final judgment eligible for immediate appellate review. *Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 708-09 (Mo. App. W.D. 2011). We review the trial court's denial of a motion to set aside a default judgment under an abuse of discretion standard. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007). While the trial court has broad discretion in deciding to set aside a default judgment, its discretion to deny such a motion is "narrowed" because public policy favors cases be decided on the merits. *Coble v. NCI Bldg. Sys., Inc.*, 378 S.W.3d 443, 447 (Mo. App. W.D. 2012) (citing *Brungard*, 240 S.W.3d at 686-87). "The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *McDaris*, 331 S.W.3d at 709 (quoting *Peters v. Gen. Motors Corp.*, 200 S.W.3d 1, 23 (Mo. App. W.D. 2006)).

**Analysis**

In its first point on appeal, KC Live argues that the trial court erred in denying its Motion to Set Aside because it set forth allegations which, if supported by evidence, would defeat or adversely affect Bukovac's claims in that KC Live relied on Bukovac's

5

factual averments from her petition and amended petition and further made specific factual allegations identifying its defenses that it did not own or control the property where Bukovac fell and that she was at fault for her own injuries.

Rule 74.05(d) provides that "[u]pon motion stating facts constituting a meritorious defense **and** for good cause shown, an interlocutory order of default or a default judgment may be set aside." (emphasis added). "The movant in a motion to set aside [a] default judgment bears the evidentiary burden of proving entitlement to the relief requested. Failure to establish either the 'meritorious defense' element or the 'good cause' element of a motion pursuant to Rule 74.05(d) is fatal to the motion." *McDaris*, 331 S.W.3d at 709 (quoting *Agnello v. Walker*, 306 S.W.3d 666, 673 (Mo. App. W.D. 2010)).

In order to satisfy the meritorious defense requirement of Rule 74.05(d), the movant "must set forth sufficient facts to establish an arguable theory of defense." *Id*. at 710. An arguable defense constitutes any defense which is likely to have a "material effect on the substantive result of the case." *Id*. The defense does not need to be conclusively proven, but the motion must contain allegations that "if supported by evidence found credible by the fact-finder, would defeat the plaintiff's claim." *Id*.; *see also Snelling v. Reliance Auto., Inc*., 144 S.W.3d 915, 918 (Mo. App. E.D. 2004).

In addition, although not expressly stated in Rule 74.05(d), Missouri courts have consistently held that motions to set aside are not self-proving and must be verified or otherwise supported by affidavit or sworn testimony. *See McDaris*, 331 S.W.3d at 712-13; *Agnello*, 306 S.W.3d at 673; *First Cmty. Bank v. Hubbell Power Sys., Inc*., 298 S.W.3d 534, 540 (Mo. App. S.D. 2009). The most recent pronouncement on the subject

6

by the Missouri Supreme Court has reaffirmed this principle. *See In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009) ("A motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony"). Also, "bare statements amounting to mere speculation or conclusions fail to meet the pleading requirement." *Ben F. Blanton Constr., Inc. v. Castle Hill Holdings XI, L.L.C.*, 109 S.W.3d 693, 695 (Mo. App. E.D. 2003) (citing *Tinsley v. B&B Engines, Inc.*, 27 S.W.3d 859, 861 (Mo. App. E.D. 2000)).

KC Live argues on appeal that while there is authority that good cause must be supported by affidavit or other sworn testimony, there is no such requirement regarding meritorious defenses. Contrary to KC Live's argument, there is no authority for the proposition that *only* the good cause element must be supported by affidavit or other sworn testimony. Motions under Rule 74.05 are not self-proving and must be supported by some form of sworn evidence. *See In re Marriage of Callahan*, 277 S.W.3d at 644; *McDaris*, 331 S.W.3d at 713. Indeed, the genesis of this principle comes from *Gorzel v. Orlamander*, 352 S.W.2d 675, 678 (Mo. 1961), in which the Missouri Supreme Court held that:

> [N]o proof was offered to support any of the allegations in the motion. The motion did not prove itself. It was not verified, no affidavits in support thereof were filed, and no testimony was offered at the hearing of the motion. As a prerequisite to obtaining the relief prayed for it was incumbent upon defendants to prove in some manner that (1) they had good reason or excuse for the default, and (2) that they had a meritorious defense to the action.

*Gorzel* made no distinction between the type of proof required for the "good cause" and the "meritorious defense" elements. As explained in *McDaris*, even though *Gorzel*

preceded the adoption of Rule 74.05, the principle set out therein has since been reaffirmed. *See McDaris*, 331 S.W.3d at 712-13. Even though the hurdle is not high, there must be some affidavit or other sworn testimony underlying the facts alleged in support of a meritorious defense.

KC Live's Motion to Set Aside set forth two alleged meritorious defenses. First, KC Live alleged, "[b]ased on the information known to Kansas City Live about the location of Plaintiff's fall, Kansas City Live does not believe it owned or controlled the area of the sidewalk where Plaintiff fell. Rather, the sidewalk was City property, and the City was responsible for its maintenance and repair." Second, KC Live alleged that "the alleged dangerous condition of the sidewalk was open and obvious, and Plaintiff tripped because she failed to keep a proper look out for his [sic] own safety." The Motion to Set Aside was not verified. The only affidavit in support of the Motion to Set Aside was submitted by Stoltz and did not address KC Live's alleged meritorious defenses. Stoltz's deposition did not address the alleged meritorious defenses but just the circumstances surrounding KC Live's failure to timely respond to the amended petition. At oral argument on the Motion to Set Aside, no sworn testimony was submitted. When asked by the trial court whether the only evidence in support of the Motion to Set Aside was Stoltz's affidavit, counsel for KC Live acknowledged that was correct.[2]

We agree with the trial court that KC Live has failed to meet *its burden* to show that it has a meritorious defense to Bukovac's claims in her amended petition. Regarding

---

[2] The trial court in its Judgment/Amended Order denying the Motion to Set Aside also considered the deposition testimony of Stoltz.

8

KC Live's claim that it did not own or control the area where Bukovac's injury occurred, KC Live has presented no evidence, supported by any sworn testimony or affidavit, that it did not own or control the area in question. In its motion, KC Live stated it "does not *believe* it owned or controlled the area of the sidewalk where Plaintiff fell. Rather the sidewalk was City property, and the City was responsible for its maintenance and repair." (emphasis added). Belief is not sufficient to justify the finding of a meritorious defense. *See Bredeman v. Eno*, 863 S.W.2d 24, 26 (Mo. App. W.D. 1993) ("A belief about the existence of a meritorious defense without supporting facts fails to satisfy the pleading requirements of Rule 74.05(c)"). Disregarding that KC Live only presented its "belief" rather than knowledge regarding ownership or control, as explained above, there must be *some* sworn evidence to support KC Live's allegation. Without such a requirement, parties could completely fabricate defenses that have no basis in reality but, if proven, could theoretically be a meritorious defense. Missouri case law has repeatedly held that motions to set aside are not self-proving and must have a basis in fact - some sworn testimony or affidavit must support the movant's assertion that it has a meritorious defense. *See McDaris*, 331 S.W.3d at 712-13. No such sworn evidentiary support is present here.

KC Live acknowledges that it provided no affidavit or other sworn testimony in support of its alleged defenses, but argues instead that it can rely solely on the factual averments in Bukovac's amended petition. In support of its argument, KC Live relies upon *Yerkes v. Asberry*, 938 S.W.2d 307, 308-09 (Mo. App. E.D. 1997), which considered whether the movant had sufficiently pled the meritorious defense that a defect

9

in the notarization of certain documents was not the proximate cause of harm to plaintiff. The court in *Yerkes* looked at the factual averments in the petition, which admitted that the plaintiff had signed the relevant documents, and the defendant argued that those admissions would help prove that the defect in the notarization of the documents was not the proximate cause of plaintiff's damages. *Id.* at 310. The *Yerkes* court also considered the defendant's proposed answer to determine whether it had established a meritorious defense. *Id.* The opinion is silent as to whether the movant's motion to set aside was verified. *Id.* In considering a motion to set aside and whether the pleading requirements have been met, *Yerkes* stated the common proposition that courts "look to the allegations in the defaulting party's motion, and such other documents as affidavits, exhibits, and proposed answers." *Id.* at 309; *see also Wanda Myers Living Tr. v. Nea Lg Le*, 459 S.W.3d 517, 522 (Mo. App. W.D. 2015) (same); *Ben F. Blanton Constr., Inc.*, 109 S.W.3d at 695 (same).

While it is correct that Bukovac's amended petition may be considered to provide context and define her claims, we need not decide whether KC Live could rely *solely* on the averments in the amended petition, because it cannot save KC Live in this case from the complete lack of any sworn evidentiary support in the record for its alleged defenses. Bukovac alleges in her petition that, while the sidewalk is the property of the City of Kansas City, KC Live was contractually obligated to maintain it. Even if KC Live could rely solely on the averments in the amended petition, the averment that the sidewalk was owned by the City of Kansas City alone does not constitute a meritorious defense to

Bukovac's claim that KC Live was contractually responsible for the sidewalk's maintenance and, therefore, liable for its negligence.

KC Live protests that it has not had a chance to conduct discovery to determine whether it actually owns the property, so it is unreasonable to expect such support in a motion to set aside a default judgment. First, at this stage, the *burden has shifted* to KC Live to prove it has meritorious defenses because *it is at fault* for failing to timely respond to Bukovac's amended petition. *See McDaris*, 331 S.W.3d at 709. Second, the argument rings particularly hollow here where KC Live is in the position to know whether it controlled or was contractually responsible for maintenance of the sidewalk at the location provided in the amended petition at 13th and Main Street in Kansas City, Missouri. If facts were presented to the trial court, supported by sworn testimony or affidavit, that KC Live was not responsible for the sidewalk at 13th and Main in Kansas City, Missouri, that may have been sufficient to support a showing of a meritorious defense. However, no such effort was even attempted here.

Similarly, KC Live's statement that the uneven sidewalk was "open and obvious" and that Bukovac failed to keep a proper lookout are merely conclusory statements unsupported by any facts whatsoever. Conclusory statements and speculation are insufficient to merit the finding of a meritorious defense. *See Ben F. Blanton Const., Inc.*, 109 S.W.3d at 695. KC Live assumes that because Bukovac alleges the sidewalk was uneven that it was also open and obvious. It is not the law that every potential hazard that is theoretically visible is therefore open and obvious. *See, e.g., Lacy v. Wright*, 199 S.W.3d 780, 783-84 (Mo. App. E.D. 2006) (trial court erred in granting

summary judgment because the court cannot say as a matter of law that a bumper in a parking lot was so open and obvious that it constituted a dangerous condition of which the plaintiff should have known); *see also Smith v. The Callaway Bank*, 359 S.W.3d 545, 548-49 (Mo. App. W.D. 2012) (discussing cases in which courts found, as a matter of law, conditions were "open and obvious" involve the natural or regular condition of land and/or a large physical structure). The mere fact that a hazard may be visible is insufficient to meet KC Live's burden of showing it has a meritorious defense. KC Live offers no explanation of how it knows, as alleged in their motion to set aside, that Bukovac failed to keep a proper lookout. As no facts were presented to support the allegation, it does not rise above pure speculation.

Accordingly, we find that the trial court did not abuse its discretion in denying KC Live's Motion to Set Aside, as KC Live failed to meet its burden to show it has a meritorious defense to Bukovac's claims. Because we have found KC Live failed to meet this burden, it is unnecessary for this Court to decide whether the trial court abused its discretion in finding that KC Live also failed to show good cause why the Motion to Set Aside should have been granted. *See Bredeman*, 863 S.W.2d at 26 ("Our finding of insufficient facts to constitute a meritorious defense dispels any need to determine the pleading of good cause").

Points One and Two are denied.

12

## Conclusion

The judgment of the trial court is affirmed and the cause is remanded to the trial court for further proceedings regarding damages and the additional claims against the City of Kansas City.

_____
Gary D. Witt, Judge

All concur