

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| CARL BRYANT AND PAMELA BRYANT, | ) | |
| | ) | |
| | ) | **WD78888** |
| Respondents, | ) | |
| | ) | **OPINION FILED: August 2, 2016** |
| v. | ) | |
| | ) | |
| JEFFREY WAHL, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Kenneth R. Garrett III, Judge

Before Division Two: Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Appellant Jeffrey Wahl ("Wahl") appeals the judgment of the Circuit Court of

Jackson County, Missouri, denying his Motion to Set Aside Default Judgment. The

Order of Default was entered against Wahl in a civil lawsuit filed by Respondents Carl

and Pamela Bryant (collectively "Bryants"). The Bryants alleged that Wahl, their

neighbor, unexpectedly entered their home and shot them both multiple times. The suit

sought monetary damages for their injuries. Wahl failed to respond to the petition and a

default judgment was entered. The trial court, in denying Wahl's Motion to Set Aside,

found that Wahl failed to meet the requirements of Rule 74.05(d)[1] in that Wahl (1) failed to prove that he had a meritorious defense and (2) failed to show good cause to set aside the default judgment. Wahl now appeals, challenging both of these findings as well as the constitutionality of Rules 74.05(a) and (b). We affirm.

## Factual and Procedural Background

Wahl was arrested on January 21, 2014, by the Independence Police Department, and charged with the shootings of Carl and Pamela Bryant. On the morning of January 21, Wahl entered the Bryants' home and confronted Carl Bryant with a gun. The two argued, and Wahl shot both the Bryants multiple times. Both suffered life threatening injuries. The criminal complaint filed by the State against Wahl alleged two counts each of First-Degree Assault and Armed Criminal Action.

On January 24, 2014, the Bryants filed a civil case against Wahl seeking damages for their injuries as a result of the shootings ("Petition"). Wahl was served with the Petition while being held in the Jackson County Detention Center on February 21, 2014. He filed no response to the Petition.

On February 26, 2014, Wahl was determined to be incompetent and unable to stand trial in the underlying criminal case. The court ordered him committed to the Department of Mental Health in Fulton, Missouri. The judge in the civil case was not the same judge as was assigned the criminal case and there is no indication that the court in the civil proceeding was aware of this determination of incompetency.

---

[1] All rule references are to Missouri Supreme Court Rules (2016) unless otherwise noted.

During the course of the civil case, Wahl was served with certain pleadings, either at the Jackson County Detention Center or the Fulton State Hospital, but other pleadings were sent to his home address and returned undeliverable.[2] A Motion for Default Judgment was filed on April 1, 2014, a copy of which was served to Wahl. Wahl never responded to the civil case or notified the court of his change in address. On May 27, 2014, the trial court granted a Default Judgment against Wahl, awarding $5 million to Pamela Bryant and $5 million to Carl Bryant ("Judgment"). Following the Judgment, the Bryants executed on approximately $90,938.00 in funds confiscated from Wahl's home at the time of his arrest.

Wahl did not have legal representation in the civil case. He was represented by an Assistant Public Defender ("PD") in the pending criminal case. PD informed the Bryants' attorney that, as a public defender, PD was statutorily prohibited from representing Wahl in the civil proceeding. It is alleged that the Bryants' attorney was aware that Wahl had been determined to be incompetent to stand trial and committed to the Department of Mental Health. In fact, the Bryants served Wahl with notice of certain filings at the Fulton State Hospital.

In April, 2015, PD left his position as a public defender. No longer statutorily barred from representing Wahl in the civil matter, PD entered his appearance on behalf of Wahl and filed a Motion to Set Aside Default Judgment on May 24, 2015 ("Motion"). In the Motion, Wahl alleged that his mental incompetency was good cause for failing to

---

[2] It appears from the Legal File that documents sent directly from the court were sent to Wahl's home address while the Bryants sent copies of their filings to Wahl at either the Jackson County Detention Center or the Fulton State Hospital.

3

respond to the Petition and attempted to raise two meritorious defenses to the Petition--error in the Petition's date of the attack and self-defense. Additionally, Wahl sought a declaratory judgment that the Supreme Court Rules 74.05(a) and (b), which govern default judgments, are facially unconstitutional and unconstitutional as applied to Wahl because they provide no additional protections to incompetent persons.

The trial court determined that Wahl failed to properly verify or otherwise support his Motion with sworn testimony and denied the Motion without evidentiary hearing. Wahl filed a Motion to Reconsider on June 16, 2015, which the court also denied.

This appeal follows.

**Standard of Review**

Pursuant to Rule 74.05(d), a motion to set aside a default judgment is an "independent action," and, as such, a judgment granting or denying such a motion is a final judgment eligible for immediate appellate review. *Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 708-09 (Mo. App. W.D. 2011). The denial of a motion to set aside is reviewed for abuse of discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007). A trial court abuses its discretion if the "ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Peters v. Gen. Motors Corp.*, 200 S.W.3d 1, 23 (Mo. App. W.D. 2006). While the trial court has broad discretion in deciding to set aside a default judgment, its discretion to deny such a motion is "narrowed" because public policy favors cases to be

4

decided on the merits. *Coble v. NCI Bldg. Sys., Inc.*, 378 S.W.3d 443, 447 (Mo. App. W.D. 2012)).

**Discussion**

**I.**

Wahl's first point on appeal alleges that the trial court erred in failing to grant his Motion because Wahl was not given a full opportunity to demonstrate good cause for his default and a meritorious defense because he was denied a hearing on his motion.

The Motion notes that the Supreme Court Rules allow motions seeking to set aside or correct default judgments under Rules 74.05(d), 74.06(a), and 74.06(b). However, Wahl requests relief only pursuant to Rule 74.05(d) which provides that "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside." Thus, we examine Wahl's claims only under the provisions of Rule 74.05(d).

A party may seek to set aside a default judgment under Supreme Court Rule 74.05(d). "A party wishing to have a default judgment set aside is required to (1) file his or her motion within a reasonable time, (2) show the existence of a meritorious defense, and (3) show good cause for default." *Wanda Myers Living Trust v. Nea Lg Le*, 459 S.W.3d 517, 522 (Mo. App. W.D. 2015). "A motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony." *See In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009); *Snelling v. Reliance Auto., Inc.*, 144 S.W.3d 915, 918 (Mo. App. E.D. 2004) ("[A] motion to set aside a judgment cannot prove itself. The motion must be verified or supported by affidavits or sworn

5

testimony produced at the hearing on the motion."). "[B]are statements amounting to mere speculation or conclusions fail to meet the pleading requirements." *Ben F. Blanton Constr., Inc. v. Castle Hill Holdings XI, L.L.C.*, 109 S.W.3d 693, 695 (Mo. App. E.D. 2003). "Even if a motion contains sufficient allegations of fact to support setting aside a judgment, the motion cannot normally be granted unless it is verified, or supported by affidavits or sworn testimony produced at a hearing on the motion." *Clark v. Clark*, 926 S.W.2d 123, 127 (Mo. App. W.D. 1996). Wahl contends that, although the Motion was not verified, contained no affidavits, exhibits, or a proposed answer in support, he requested an evidentiary hearing and, had the court granted his request, he would have presented such supportive evidence at the hearing.

Wahl cannot use a request for evidentiary hearing to overcome deficiencies in his pleadings. An evidentiary hearing on a motion to set aside a default judgment is not a matter of right, but requires first that the motion meet the pleading requirements of Rule 74.05(c). *Sears v. Dent Wizard Int'l Corp.*, 13 S.W.3d 661, 664-65 (Mo. App. E.D. 2000); *Bredeman v. Eno*, 863 S.W.2d 24, 25 (Mo. App. W.D. 1993). "To determine compliance with the pleading requirements of Rule 74.05(c), appellate courts examine the allegations in the motion of the party in default, and such other matters as affidavits, exhibits, and proposed answers." *Bredeman*, 863 S.W.2d at 25. Appellate courts will remand to the trial court for an evidentiary hearing on a motion only where there already existed sufficient evidentiary support for the motion to set aside. *See id.* at 26; *Boatmen's First Nat'l Bank v. Krider*, 802 S.W.2d 531, 532 (Mo. App. W.D. 1991) (defaulting party entitled to a hearing where she filed an affidavit, a proposed answer with her motion to

6

set aside, and requested an evidentiary hearing); *but see, McClelland v. Progressive Cas. Ins. Co.*, 790 S.W.2d 490, 493-94 (Mo. App. S.D. 1990) (no evidentiary hearing necessary because inclusion of an unverified police report with motion, while sufficient to raise inference that loss was caused by arson, it  was insufficient to support alleged meritorious defense that the arson was caused by insured).

Wahl was not entitled to a hearing as a matter of right and we are left only to determine whether he pled sufficient facts in his Motion to support a meritorious defense. Wahl contends he did.  We find that it is clear from the record that he did not.  "To plead facts constituting a meritorious defense, the party in default need not present a defense in detail; however, that party must demonstrate at least an arguable theory that would defeat the plaintiff's claim." *Bredeman*, 863 S.W.2d at 26.  "This concept is not intended to impose a high hurdle, but is meant to allow the case to be decided on its merits where there are legitimate issues to be considered." *Wanda Myers Living Tr.,* 459 S.W.3d at 523.  "A belief about the existence of a meritorious defense without supporting facts fails to satisfy the pleading requirements of Rule 74.05(c)." *Bredeman*, 863 S.W.2d at 26. (defaulting party failed to plead meritorious defense in motion to set aside default judgment in litigation over promissory note because motion failed to specify specific amounts of payments and credits).  There must be some sworn evidence to support a defense offered. *Kansas City Live LLC v. Bukovac*, 2016 WL 2338365, at *4 (Mo. App. W.D. May 3, 2016).  "Without such a requirement, parties could completely fabricate defenses that have no basis in reality but, if proven, could theoretically be a meritorious defense." *Id.*

7

Wahl's Motion alleges:

> Proper discovery may reveal facts that differ from [the allegations of the Petition]. . . . Discovery may reveal that on some other date, there was an encounter but that there was no knock on the door, that there was no entry into the home, that Plaintiff started a confrontation with Defendant by approaching him while armed with a gun, that Plaintiff Carl Bryant was the initial aggressor during the encounter once it became a confrontation, that Plaintiff Carl Bryant struck Defendant in the head with a gun prior to any shooting by anyone. All or any combination of these facts constitute a legitimate affirmative defense, including but not limited to self-defense.

Without supporting affidavits from Wahl[3] or other witnesses, corroborating evidence from the police, or some other support, there is no indication that these multiple alternative facts have any basis in reality and are anything more than wild speculation. While Wahl is correct that a meritorious defense need only be an "arguable theory," it must have some basis in reality. There was nothing in the Motion or the facts before the trial court to suggest that Wahl's allegation that discovery *may* reveal affirmative defenses was anything more than wild speculation. *See Kansas City Live LLC*, 2016 WL 2338365, at *4 (unverified motion which simply stated defaulting party did "not believe it owned or controlled" the property in question in the suit was insufficient to show meritorious defense). Wahl did not even go so far as to state he "believed" that the evidence would support an alternative theory of events. His motion was not verified.

---

[3] Wahl was committed to the Department of Mental Health on February 26, 2014, because the court determined Wahl incompetent to understand the charges against him and assist in his own defense. At some point in March, 2015, Wahl was determined to be competent to stand trial, transferred back to the Jackson County Detention Center, and is currently awaiting trial on the underlying criminal charge. Thus, to the extent that Wahl may not have been competent to sign an affidavit in support of his own Motion prior to March, 2015, it appears that was no longer an issue as of the May 24, 2015, filing of his Motion. There is no indication in the record that Wahl has had any other determinations of incompetence.

8

Wahl quotes extensively from *Snelling v. Reliance Automotive, Inc.* 144 S.W.3d 915 (Mo. App. E.D. 2004) for the proposition that a movant need only present evidence of an "arguable theory of defense" and that it is proper for this to be done at a hearing on the motion. While it is true that *Snelling* cites to the general principle that a motion "must be verified or supported by affidavits or sworn testimony produced at the hearing on the motion," it does not hold that a movant is entitled to a hearing absent any evidentiary support presented in the motion. *Id.* at 918. In *Snelling*, the movant made only conclusory statements that he had a "meritorious defense to the Petition regarding proximate causation of the damages alleged," which the court found insufficient to support setting aside the default judgment. *Id.* Thus, the court found the trial court erred in granting movant's motion to set aside the default judgment "because there was no evidentiary basis to support a finding of a meritorious defense." *Id.* While Wahl made more specific claims, those claims were not any more supported than the claims made in *Snelling*. By stating that a movant need not "present extensive evidence" of a defense in a motion to set aside, the court's opinion was in line with all prior case law that there must be *some* evidence to support a claim. *Snelling* does not overrule the well-established rule that to get to the evidentiary hearing stage of a motion to set aside a default judgment, a movant must first sufficiently plead his claims, which requires a verified petition, sworn statements, or some other evidentiary support.

There was no support for Wahl's claim of self-defense as alleged in his Motion and the trial court did not err in so finding.

9

Wahl's second "meritorious defense" is simply noting that, in one paragraph of the Petition, the date of the shooting is misidentified as February 21, as opposed to January 21. This does not render the Petition void or deficient. *See, generally, Int'l Motor Co., Inc. v. Boghosian Motor Co., Inc.*, 870 S.W.2d 843, 849 (Mo. App. E.D. 1993) (in suit involving vehicle title, typographical error in vehicle identification number in the petition did not mislead defendants, where vehicle was correctly identified in other documents). The sole paragraph that identifies the date in question as February 21, merely states that the Bryants were home on that date and Wahl entered upon their property. The alleged facts of the shooting are identified in the following paragraphs and are correctly identified as occurring on January 21, 2014. We find no merit to Wahl's allegation that the typographical error in the Petition amounts to a meritorious defense. Because Wahl failed to present any support in his Motion that he had a meritorious defense, the trial court did not err in denying his Motion.

Wahl further contends that he did not need to verify or otherwise present support for his claim that he was mentally incompetent at the time of the Judgment because the trial court could have taken judicial notice of the criminal proceedings. However, Wahl never requested the court take judicial notice of the criminal proceedings, and there is nothing in the court file in the civil case to alert the trial court to the status of the criminal proceedings. The trial court is prohibited from becoming an advocate for a party and on its own seeking out support for Wahl's various arguments.

A party in default has the burden of proving it had a meritorious defense. Wahl's Motion was not verified and had no supporting documentation for his claims of defense.

10

He did not even affirmatively assert a meritorious defense in his unverified petition, merely stating that facts *may* come to light that would provide him one of multiple defenses. As such, the trial court did not err in denying Wahl's request for an evidentiary hearing and denying his Motion.

## II.

Wahl's second point on appeal alleges that Missouri Supreme Court Rule 74.05, which governs default judgments, is unconstitutional. Wahl claims that the rule's failure to provide additional protections for incompetent persons from default judgments is a violation of due process and the equal protection clause.

In support of his argument, Wahl notes that the Federal Rules of Evidence along with "the majority of the states"[4] provide protections for incompetent persons from default judgment. Wahl argues that the due process clause and equal protection clause of the United States Constitution require these additional protections.

Federal Rule of Civil Procedure 55(b)(2) states that "a default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Missouri's Supreme Court Rule 74.05, which governs default judgments, states no added protections for incompetent persons, but that does not mean that Missouri does not provide protections for incompetent persons or that mirroring the federal rules in Missouri would have provided any greater protections to Wahl.

---

[4] Wahl provides no citation in support of his contention that the majority of states have rules of default that establish specific procedures to address the situation where the defaulting party is incompetent.

11

Missouri Rule 52.02(k) requires that:

> Whenever it shall be suggested or affirmatively appear to the court that any person not having a duly appointed guardian is incapable by reason of mental or physical infirmity of instituting suit or of properly caring for the person's own interest in any litigation brought by or against such person, the court shall inquire into the person's mental or physical condition for the purpose of the particular litigation and shall hear and determine such issue. If it is found to be proper for the protection of the person, the court may appoint a next friend or guardian ad litem for said person for the purpose of the particular litigation.

There is no need for Rule 74.05 to require that a next friend or guardian ad litem be appointed to represent an incompetent person prior to default judgment, because Rule 52.02(k) already states that such an appointment shall be made in *all* litigation in which the court has reason to believe a party is incompetent.

The Federal Rule goes no further than the existing Missouri rules by simply stating the protection directly in the rule governing default. We further note, even if the federal rule had governed this case, Wahl would still have had no guardian appointed. Under the facts of this case, there is no indication that the court ever had any reason to believe that Wahl was incompetent prior to entering the Judgment. The criminal case and civil case were heard by different judges in different divisions of the Jackson County Circuit Court. No representation was ever made to the trial court in the civil action as to Wahl's competency.[5]  "[T]here is a presumption of competency or sanity . . . until evidence to the contrary appears." *In re M----*, 393 S.W.2d 109, 115 (Mo. App. 1965). The court never had any reason to believe that Wahl was incompetent, requiring the

---

[5] Both sides allege that the other party should have alerted the court to the determination that Wahl was incompetent to stand trial in the companion criminal case. Deciding whether either party had such a duty is not necessary to resolve Wahl's appeal, thus we do not address these allegations.

appointment of a next friend or guardian ad litem, thus, under the federal rules or Missouri rules, the court did not know it needed to make such an appointment. Wahl's sole argument as to violation of his constitutional due process and equal protection rights is that Missouri's default judgment rules do not protect the rights of an incompetent person by requiring the appointment of a guardian prior to entering a default judgment. This is clearly not the case and, as such, his claim is without merit. Wahl fails to address how a trial court is supposed to magically make such a determination of competency when the defending party fails to file an answer or appear before the court.

Missouri has existing procedures both to protect an incompetent person prior to the entry of a default judgment and also to allow such person to set aside the judgment. The Rule 52.02 subsection (m) states that:

> Failure to appoint a next friend or guardian ad litem for a minor or a mentally or physically infirm person shall not invalidate the proceedings if the court finds that the interests of the minor or mentally or physically infirm person were adequately protected.

"A judgment rendered against an insane person who is not represented by a guardian or guardian ad litem is voidable and in a proper proceeding should be set aside." *Murphy v. Murphy*, 358 S.W.2d 778, 781 (Mo. 1962); *Williams v. Pyles*, 363 S.W.2d 675, 678 (Mo. 1963); *In re M----*, 393 S.W.2d at 116. Previously, the mechanism by which to do this was a writ of error coram nobis to set aside the judgment. *Murphy, 358* S.W.2d at 781. The writ of error corum nobis, however, was abolished by Rule 74.06(d) and is no longer available. *Huston v. State*, 272 S.W.3d 420, 420-21 (Mo. App. E.D. 2008).

13

Despite no longer being able to file a writ of error coram nobis to set aside a judgment against an incapacitated person for failure of a court to appoint a guardian, the judgment still remains voidable under Rule 74.05(d) for failure to appoint a guardian, provided a meritorious defense is also presented.[6]  Rule 74.05 is not constitutionally deficient because Missouri law provides adequate protections for incompetent persons. Just as with the federal system under Rule 55, had there been any indication to the court that Wahl was incompetent and could not defend the suit, a guardian ad litem would have been appointed under Rule 52.02.  After a default judgment was granted, Wahl was free to move for the judgment to be set aside under Rule 74.05.  He would have been entitled to such relief but for his failure to meet the pleading requirements under the rule.  We cannot say that failure to properly avail oneself of the protections of Rule 74.05(d) makes the entire rule constitutionally deficient.

## Conclusion

The trial court did not err in failing to grant Wahl's Motion.  Wahl failed to verify his Motion to Set Aside Default Judgment, produced no affidavits, exhibits or other evidence to support his claims.  Wahl's challenge to the constitutionality of Rule 74.05 is without merit because the protections he claims are absent and necessary to comply with the constitution are found in Rule 52.02; he merely failed to avail himself of the Rule's protections.  We affirm.

---

[6] As noted above, Wahl presented no argument that the Judgment be set aside pursuant to Rule 74.06 or for violation of Rule 52.  As such, we take no position as to whether such motions would be successful.

14

_____
Gary D. Witt, Judge

All concur

15