

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | |
|---|---|
| STEVE BROWN AUTHORIZED AGENT AND ASSIGNEE OF THE TRUSTEES OF THE BROWN FAMILY TRUST, | ) No. ED111898 ) ) ) |
| Respondent, | ) Appeal from the Circuit Court of ) St. Charles County |
| vs. | ) ) Honorable Matthew P. Thornhill |
| PRO BASEMENT, INC., ET AL., | ) ) |
| Appellants. | ) Filed: March 12, 2024 |

### Introduction

Pro Basement, Inc. ("Pro Basement") and Lawrence Otte ("Otte") (collectively, "Appellants") appeal the trial court's judgment denying their motion to set aside the default judgment entered against them on a petition filed by Steve Brown ("Respondent") for breach of lease and unlawful detainer. Appellants raise two points on appeal. In Point I, Appellants argue the trial court abused its discretion in denying their motion to set aside the default judgment because they presented meritorious defenses to Respondent's claims. In Point II, Appellants contend the default judgment entered by the trial court is an irregular judgment under Missouri law in that it awards Respondent a greater amount in monetary damages than he prayed for in his petition. We find Point I is dispositive and hold Appellants established a meritorious defense and,

for that reason, the trial court abused its discretion in failing to set aside the default judgment. Accordingly, we reverse and remand.

## Factual and Procedural Background

Pro Basement entered into a commercial lease ("Lease") with the Brown Family Trust by and through Respondent[1] for the property located at 1817 Scherer Parkway, St. Charles, Missouri 63308 ("Property"). The Lease was set for a fixed term of six years and nine months, beginning on May 10, 2018. Otte, the president and sole shareholder of Pro Basement, personally guaranteed the terms of the Lease.

In March of 2023, the City of St. Charles ("City") notified Pro Basement of multiple code violations at the Property. On or about March 28, 2023, Respondent notified Pro Basement they were in breach of the Lease due to several property violations, including those revealed by the City's inspection, and mandated that it cure the violations within ten days to avoid termination of its tenancy. On April 19, 2023, Respondent notified Pro Basement that he was terminating the Lease due to Pro Basement's failure to cure all but two of the violations referenced in the March notice and demanded possession of the Property.

Subsequently, Respondent initiated the underlying suit asserting claims for unlawful detainer and for breach of lease on June 16, 2023. After filing the lawsuit, an initial call docket was scheduled for July 18, 2023. Despite forwarding the details of the hearing to their attorneys, Appellants' attorneys failed to properly calendar the hearing and did not appear for the call docket. The trial court entered a default judgement against Appellants on Respondent's petition. The trial court awarded Respondent $13,639.08 in rent for the months of May, June, and July of 2023 and

---

[1] Respondent had authority to enter into the Lease as he held power of attorney for the Brown Family Trust.

doubled that sum for a total of $27,278.16. Respondent was also awarded $3,000 in attorney's fees, for a total award of $30,278.16.

On July 20, 2023, Appellants filed their motion to set aside default judgment and contemporaneously filed their notice of hearing. After hearing arguments on the motion, the trial court denied the motion to set aside default judgment. Upon Appellants' motion, the trial court designated its order as a final judgment.

This appeal follows.

### Standard of Review

"A motion to set aside a default judgment is an independent action and the decision to grant or deny the motion is an independent judgment." *Dash v. Mitchell*, 663 S.W.3d 859, 863 (Mo. App. E.D. 2023). This Court reviews a trial court's ruling on a motion to set aside a default judgment for an abuse of discretion. *O'Neill v. O'Neill*, 460 S.W.3d 51, 55 (Mo. App. E.D. 2015). "We review for an abuse of discretion because our system holds a 'distaste' for default judgments." *Dash*, 663 S.W.3d at 863 (citation omitted). We will reverse the trial court's ruling under the abuse of discretion standard only when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks one's sense of justice and indicates a lack of careful consideration of the case. *Id*.

Trial courts enjoy broader discretion when granting a motion to set aside a default judgment, and have narrowed discretion when denying one because public policy favors deciding cases on the merits and against resolving litigation by default. *Jones v. Riley*, 560 S.W.3d 540, 544 (Mo. App. E.D. 2018). "For this reason, [a]n appellate court is much more likely to interfere with the trial court's decision when the motion to set aside the judgment has been denied." *O'Neill*, 460 S.W.3d at 55 (internal quotations and citation omitted).

**Discussion**

Appellants raise two points on appeal. However, because we find Point I dispositive, we do not reach the merits of Point II. In Point I, Appellants argue the trial court abused its discretion in denying their motion to set aside the default judgment because they presented meritorious defenses to Respondent's claims.[2] We find Appellants established a meritorious defense by making a showing of at least an arguable theory that would defeat Respondent's claims and supported that defense with sworn evidence. It is important to note this opinion is limited to a determination as to whether a meritorious defense exists—not whether Appellants' defense would prevail.

"Rule 74.05(d) authorizes the [trial] court to set aside a default judgment if the moving party establishes: (1) a meritorious defense to the suit; (2) good cause for failing to respond to the petition; and (3) the motion was filed within a reasonable time not to exceed one year."[3] *Behavioral Sci. Inst., Inc. v. Transitional Ctr., Inc.*, 669 S.W.3d 378, 381 (Mo. App. E.D. 2023). The failure to satisfy any of these elements mandates denial of the motion to set aside the default judgment. *See 4021 Iowa, LLC v. K&A Delmar Prop., LLC,* 681 S.W.3d 309, 316 (Mo. App. E.D. 2023). A motion to set aside a default judgment is not self-proving and must be supported by affidavits or sworn testimony. *Bryant v. Wahl,* 502 S.W.3d 9, 13 (Mo. App. W.D. 2016).

*A meritorious defense to the suit*

As the moving party seeking to set aside a default judgment, Appellants bore the burden to plead and prove that they were entitled to relief. *See Behavioral Sci. Inst., Inc.,* 669 S.W.3d at 381. To plead facts constituting a meritorious defense, the party in default must demonstrate at least an arguable theory that would defeat the plaintiff's claim. *Bryant,* 502 S.W.3d at 14. "Although there

---

[2] In Point I, Appellants also argue that their failure to appear for the call docket was due to a scheduling mistake and not designed to impede the judicial process. Because we find Appellants established a meritorious defense, we do not reach this argument.

[3] All references are to Missouri Supreme Court Rules (2023).

is no universal standard which establishes the components of a meritorious defense, it has been interpreted to mean any factor likely to materially affect the substantive result of the case." *Heintz Elec. Co. v. Tri Lakes Interiors, Inc.*, 185 S.W.3d 787, 792 (Mo. App. S.D. 2006) (internal quotations and citation omitted). This does not mean, however, that the defaulting party must present extensive evidence or the defense must be conclusively proven to make a showing of at least an arguable theory of defense. *Id*. at 791–92. This rule is not intended to impose a high hurdle, but rather allow the case to be decided on its merits where there are legitimate issues to be considered. *Bryant*, 502 S.W.3d at 14. There must be some sworn evidence to support the defense offered otherwise the moving party could completely fabricate defenses that have no basis in reality but, if proven, could theoretically be a meritorious defense. *Id*.

Appellants contend they pled facts constituting a meritorious defense by arguing that "Respondent's claims were all concerning non-monetary breaches" and the violations were cured.[4] To support this defense, Appellants submitted Otte's sworn affidavit, which provided: "to date, the property is code compliant and all of the violations have been cured."[5] Respondent counters by arguing Otte's affidavit is not sufficient to satisfy Appellants' burden to set aside the default judgment because Appellants failed to establish that all of the violations were cured by April 9, 2023 (the date by which Appellants were required to cure all violations), April 19, 2023 (the date the lease was terminated), or by June 16, 2023 (the date the lawsuit was filed).[6]

---

[4] "Although [Appellants] presented additional defenses, this [C]ourt need not address them." *Myers v. Pitney Bowes, Inc*., 914 S.W.2d 835, 840 (Mo. App. S.D. 1996).

[5] Otte's affidavit was the only evidence Appellants included in the legal file on appeal to support their meritorious-defense argument. If Appellants presented other evidence to the trial court, it was not made part of the record on appeal.

[6] Notably, Respondent failed to show the violations were, in fact, *not* cured by April 9, April 19, or June 16 of 2023. Although Respondent provides a summary of purported statements and photographs presented to the trial court to support his argument that the violations were not cured, we do not consider that evidence because neither a transcript nor the photographs were made part of the record on appeal. *See Tarlton v. Dir. of Revenue, State*, 201 S.W.3d 564, 567 n.4 (Mo. App. E.D. 2006) (stating documents not contained in the legal file are not part of the record on appeal, and therefore, the documents cannot be relied on by the parties, and appellate courts cannot consider the documents

We find Respondent's argument without merit because he seeks to heighten the standard that the defaulting party must meet. In other words, Respondent argues the party seeking to set aside a default judgment must not only raise an arguable theory of defense, but also prove the defense would be successful. It would be inconsistent with the distaste for default judgments to adopt Respondent's approach. *See generally Myers v. Pitney Bowes, Inc.*, 914 S.W.2d 835, 839 (Mo. App. S.D. 1996). To clarify, "it is not for this court to decide whether [Appellants] should prevail on its defense, but rather if a meritorious defense exists." *Id*. at 840. Consequently, when and if the violations were cured are factual matters to be decided on the merits by the trial court. Here, Appellants were not required to conclusively prove their defense or present extensive, airtight evidence to demonstrate a meritorious defense; Appellants simply had to make some showing of at least an arguable theory that would defeat Respondent's claims. *See Bryant,* 502 S.W.3d at 14; *Pyle v. FirstLine Transp. Sec., Inc.*, 230 S.W.3d 52, 60 (Mo. App. W.D. 2007). Thus, by showing an arguable theory of defense that the violations were cured to defeat Respondent's claims and supporting that defense with a sworn affidavit, Appellants met their burden on the meritorious-defense element to set aside a default judgment.

Because Respondent conceded Appellants had good cause for failing to respond to the petition and the motion to set aside the default judgment was filed within a reasonable time, we do not address the two remaining elements. Thus, we find Appellants showed compliance with the pleading requirements for setting aside the default judgment. Accordingly, the case is remanded and the trial court is directed to set aside the default judgment.

Appellants' Point I on appeal is granted.

---

in their appellate review); *see also In re Jaitley*, 495 S.W.3d 784, 787 (Mo. App. S.D. 2016) ("[T]he court of appeals cannot consider matters not preserved on the record and contained in an approved transcript.") (internal quotations and citation omitted).

**Conclusion**

The trial court's judgment denying Appellants' motion to set aside the default judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Michael S. Wright, Judge

John P. Torbitzky, P.J. and
James M. Dowd, J. concur.